The opinion of the court was delivered by
Miller, J.
We have given to this case a re-examination under the light of an elaborate reargument.
It is a suit by plaintiff, condemned to pay damages for negligence, brought against the defendant, alleged to have been a participant in the negligence. The plaintiff and defendant, Bell, charged with negligence, were both sued by the parties claiming to be injured by *1549 that negligence, the falling of the scaffold on which the parties injured were standing, engaged at the time in the construction of a building. Bell, the defendant, was the contractor; Sincer, the plaintiff, the subcontractor for the painting, and the workmen employed by each were the victims of the fall of the scaffold. The basis of the suit for damages was the defect in the scaffold alleged as the cause of the fall, the fault being charged on both. Bell compromised and was discharged from all liability for the damages.
On the theory that both Simpson and Bell were chargeable with negligence, that would produce a liability to the injured party, but no liability one to the other of the wrongdoers. No obligation of Bell, under such circumstances, can be referred to any quasi contract or any offence or quasi offence committed by Bell with respect to Sincer. Obligations arise from contracts or quasi contracts, or quasi offences or the law. C. C., Arts. 1760, 2293, 2294, 2315, 3536; C. P., Arts. 326, 328.
Nor in our view can Sincer derive any action against Bell by the payment of the judgment. That judgment was against Sincer alone, adjudging him liable for negligence. Bell had settled and been discharged by the parties injured. There could be, as between Sincer and Bell, no contribution arising out of that payment, for contribution, when admitted, is on the theory that payment by one discharges another also.
There is a responsibility in damages for the acts of those for whom one is answerable. It follows that a principal compelled to pay damages for the acts of his subordinate has recourse on the subordinate. But this grows out of the relation of master and servant, and no such relation existed between Bell and Sincer. O. C., Arts. 2317, 2320.
The plaintiff, however, earnestly maintains there was the obligation on Bell’s part to furnish a safe staging for the painters in doing the painting. We have given attention to this branch of the case, as affording, if the contention was supported, the basis of plaintiff’s action. There is testimony that in fixing the price for thejexterior painting some allowance was made to Bell in consideration of Sincer being allowed to use the exterior scaffold. But the scaffold thal fell was inside. It was the impression of some of the members of this court, derived from the briefs and previous argument, that what was said with reference to the use by Sincer of the staging, extended *1550 to that inside as well as the exterior staging. We are constrained to yield this impression on a closer examination of the record. The witness who testified on this point, on re-examination, we find, corrected his previous testimony, and stated explicitly the conversation referring to the use of the scaffolding related exclusively to that on the outside. Indeed, the plaintiff himself, as a witness on the stand, placed the use of the scaffolding on the basis of a courtesy, not right, usually extended painters, who, it seems, follow the carpenters in their work. It seems to us the 'inevitable conclusion from plaintiff’s own testimony there was no express contract on which plaintiff could ground this action. We have also given attention to the evidence in respect to the custom on this point. The tendency of the testimony is that painters use the scaffolding put up by the builders. It is also in the record that painters exercise their option as to this, and put up their own staging when they choose to do so. Indeed, from the record of Roe vs. Sincer laid before us, in which the present plaintiff was sued by the heirs of the painter killed by the fall, we gather that the effort in his defence was to show the painters were expected to satisfy themselves as to the strength of the scaffolding as connected with the risk they assume. It was testified, too, that the employer furnishes the materials to make the staging if none is left by the builder; that the journeymen are to be the judges of the strength of the scaffold, and that is the custom. There is no intimation in that case of any obligation on the part of the builder to furnish the scaffolding. Of course, there was no issue of Bell’s liability. Still, the whole current of the testimony in all the records put before us, in our view, tends simply to show a custom perfectly natural, for the painters to use scaffolding left by the builder. But it is our conclusion no contract on the part of the builder in that respect to the subcontractor for the painting, arises from the custom relied on by plaintiff. We reach the conclusion there was no contract of Bell to Sincer. The question of prescription so elaborately argued is withdrawn from consideration by our determination there was no contract.
It is therefore ordered, adjudged and decreed that our former judgment be set aside, and it is now adjudged and decreed that the judgment of the lower court be affirmed with costs.