ROGERS, Justice.
 

 
 *589
 
 Thomas R. Hughes, state tax collector for Caddo parish, sued W. L. Rudd, a citizen of Texas, for $200, alleged to be due as a license tax for peddling in Louisiana certain farm products raised in Texas. The suit was brought under the provisions of Act No. Ill of 1932.
 

 The defendant resisted plaintiff’s demand on the ground that the produce which he peddled was raised exclusively by him, and that he was, therefore, exempt from payment of the license tax claimed, under the provisions of subparagraph (F), § 16 of Act No. 190 of 1932, which had the effect of repealing Act No. Ill of 1932. In the alternative, defendant pleaded the unconstitutionality of Act No. Ill of 1932 on various grounds.
 

 The court below, without passing upon the other defenses presented, held that Act No. Ill of 1932 applies only to nonresidents of the state and is therefore violative of section 1 of the Fourteenth Amendment to the Constitution of the United States. Accordingly, the court dismissed plaintiff’s suit. From that judgment, plaintiff has appealed, and defendant, answering the appeal, has asked this court to consider the defenses not passed upon by the court below, and to affirm the judgment.
 

 Act No. 111 of 1932, p. 403, § 1, imposes a licénse tax on0“all persons, firms, or corporations domiciled outside the State of Louisiana, engaged in bringing into the State, eggs, poultry, fruit, vegetables, or nuts, whether grown, raised or purchased by them,” but exacts no license tax upon the same class of persons who are citizens of this state.
 

 Section 16 of Act No. 190 of 1932, p. 629, the general license tax law, provides for the imposition of graduated licenses upon peddlers. The section contains numerous provisos, among which paragraph (C), page 630, limits the license lax of persons selling their goods exclusively in the parish of their residence to one-half of the license tax imposed generally on peddlers; and paragraph (F), pp. 630, 631, provides that peddlers of poultry, eggs, and vegetables shall pay only one-fifth of the graded licenses stipulated in the statute, “and any person vending his own produce exclusively shall pay no license.”
 

 The record shows that W. L. Rudd, the defendant, is engaged in farming, truck growing, and poultry raising in Shelby county, Tex., and that the eggs, poultry, and farm products which he peddles in Caddo parish, La., are exclusively produced, raised, - and grown by him.
 

 To hold defendant as a nonresident exclusively vending his own produce amenable to the license tax imposed by Act No. Ill of 1932 would be unreasonable and violative of the fundamental principle of taxation, since under the provisions
 
 of
 
 ',ct No. 190 of 1932 residents of the same class are exempted from the payment of any license tax.
 

 The rule of law governing this case is concisely stated in 61 A. L. R. at page 337 in the note appended to the case of Ex parte Irish, 121 Kan. 72, 250 P. 1056, as follows, viz.:
 

 “As a general rule, state statutes or municipal ordinances discriminating against nonresidents of the state, or nonresidents of a political subdivision of the state, either by refusing to grant licenses to such nonresidents or by granting them on different terms, as charging nonresidents a higher fee or adding other bur
 
 *591
 
 dens, _ where not required under the police power of the state for the protection of the local citizens, are unconstitutional and void as violating article 4, § 2, of the United States Constitution, which provides that ‘the citizens of each state shall bé entitled to all privileges and immunities of citizens in the several states,’ or section 1 of the Fourteenth Amendment to the United States Constitution, which provides that .‘no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.’ ”
 

 To this general rule, as pointed out in the note, “there are two well-recognized exceptions: (1) Licenses to sell intoxicating liquor, justified under the police power of the state as being required for the protection of the public morals; and (2) licenses to hunt, fish, or trap. The discrimination in the case of hunting and fishing licenses is sometimes justified under the police power, but oftener on the ground that game, fish and fur-bearing animals when not reduced to possession belong to the state, as a part of its natural resources, whieh it can protect and save for its own citizens.”
 

 The general rule is also stated in 17 R. C. L., page 488, paragraph 15, as follows, viz.:
 

 “It is not an immunity or privilege secured by the constitution that a nonresident merchant or trader shall be permitted to come into a state, and trade or do business therein, and pay neither a license tax on his trade nor a tax on his property, while the resident merchant must pay both; to have all the advantages of a resident trader and escape all taxation to whieh the latter is subjected. But if a license tax is imposed on a nonresident which does not bear similarly on residents engaged in the same business, it is invalid.” See “Licenses,” 37 C. J. 205, par. 56, to the same effect.
 

 In our own jurisprudence, the general rule is supported by the decision in McGuire v. Parker, 32 La. Ann. 832. There section 12 of Act No. 119 of 1880 imposing a license tax of $25 per month on all traveling agents from other states offering any species of merchandise for sale or selling the same, but nbt imposing such a license tax on residents of the state engaged in similar pursuits, was held to be violative of paragraph 1 of section 2 of article 4 of the -Constitution of the United States, and, therefore, was null and void.
 

 McGuire v. Parker was cited with approval by the Supreme Court of the United States in Walling v. Michigan, 116 U. S. 446, 6 S. Ct. 454, 459, 29 L. Ed. 695, wherein it was held that a state tax on liquor sales by nonresidents, without a similar tax on sales by residents, was void.
 

 Plaintiff contends that the title of Act No. 111 of 1932 is general in its terms, and that interpreted thereby the statute applies to all persons who peddle in this state produce raised outside the state.
 

 But the title of a legislative act is no part of the act and can be resorted to for the purpose of interpreting the act only in case of doubt. Forman v. Sewerage & Water Board, 119 La. 49, 43 So. 908, 12 Ann. Cas. 773; State v. Boasberg, 124 La. 289, 50 So. 162; Succes
 
 *593
 
 sion of Baker, 129 La. 74, 55 So. 714, Ann. Cas. 1912D, 1181.
 

 No one reading the body of Act No. Ill of 1932 can be in doubt as to its meaning. Under section 1, its provisions apply to all persons, firms, or corporations domiciled outside of the state of Louisiana. And section 2, which imposes the license tax reads: “All persons, firms, or corporations as above set forth,” referring, necessarily, to nonresident persons, firms, or corporations as set forth in the previous section.
 

 Act No. Ill of 1932 and Act No. 190 of 1932 when read together show a clear discrimination against nonresidents exclusively vending their own produce and to that extent the former statute is invalid.
 

 Eor the reasons assigned, the judgment appealed from is affirmed.