Having been persuaded that we may have been in error in the conclusion reached on the first hearing in this matter ( (33 So.2d 146), we granted a rehearing and now again undertake a discussion of the question whether, in a suit under the Louisiana Compensation Laws, one who is sued as a solidary obligor may appeal from a judgment sustaining an exception of no cause of action filed by the other defendant sued solidarily and dismissing the suit insofar as the other alleged solidary obligor is concerned.
When we studied the question originally, we persuaded ourselves that a determination thereof hinged upon the further question of whether or not, in a compensation suit, there might be two defendants who could be held solidarily liable. We now think that the question posed by the motion to dismiss the appeal does not depend for its answer upon whether or not there may be solidary liability in compensation in two defendants.
Until July, 1933, when the Supreme Court decided Quatray v. Wicker, 178 La. 289, *Page 616 151 So. 208, there was no doubt that where a solidary judgment was sought against two defendants neither had any rights as against the other and, therefore, neither could appeal from a judgment dismissing the suit as against the other. The general rule was stated in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 541, as follows:
"It is undoubtedly the general rule of law and jurisprudence that where two or more parties, acting in concert, or are legally held to have acted in concert, commit a wrongful act from which damages result to a third party, the party who is compelled to respond and to pay for the injury can have no action for indemnity against the other party or parties to the wrongful act. The rule has its foundation in public policy, that no one can allege his own turpitude or claim an advantage for his own wrong. The courts in such a case will leave the parties in the position in which they have placed themselves, and will not undertake to adjust equities between them, nor to inquire into the comparative or relative culpability as between them."
We recognized this rule in Rumpf v. Callo, 16 La. App. 12, 132 So. 763, 764, wherein we said:
"* * * Solidary liability rests on joint tort-feasors. Each, if guilty of negligence proximately contributing to an accident, is liable for the whole damage. An injured party may sue either or both and neither has any right as against the other."
In Thalheim v. Suhren, 18 La. App. 46, 137 So. 874, we said:
"* * * If there is any liability in more than one defendant, that liability is solidary, since it results from the acts of joint tort-feasors. The appeal by one joint tort-feasor cannot have any effect as against other joint tort-feasors who, by the judgment in the court below, were absolved from liability."
In Reid v. Monticello, La. App., 33 So.2d 760, which was decided long after Quatray v. Wicker, supra, our Brothers of the First Circuit held that one defendant sued solidarily had no right to appeal from a judgment dismissing the other defendant.
However, in Quatray v. Wicker, supra, the Supreme Court held that if two defendants are cast solidarily and one of them pays the judgment, that one is entitled to demand contribution from the other.
It was this decision which caused us, in our original opinion on this motion to dismiss the appeal, to conclude that one solidary obligor has a right to insist that the other be retained in the case as a party defendant, and to go further and hold that because, as we then felt, there could be no solidary liability in the two defendants, the one could not by appeal insist that the other be retained in the case as a defendant. In other words, we concluded that the question depended solely upon whether or not two defendants might be held solidarily liable, and we said that as a result of the decision in Quatray v. Wicker, supra, if there might be two defendants who could be solidarily cast, then one might appeal from a judgment dismissing the other, but if there could not be two defendants who could be held solidarily then one did not have the right to appeal from a judgment dismissing the other.
We feel that we should not have concluded at this stage of the litigation that under no circumstances might there be a solidary judgment against two defendants in compensation. That, as we now view the matter, is one of the questions to be considered if and when the case comes before us on its merits. Until that time we should not decide such a question.
But the fact that there may be a legal possibility that the two defendants may be held liable solidarily does not make it necessary that we hold that one may appeal from the judgment which, on exception of no cause of action filed by the other, sustained that exception and dismissed the suit as to that other. As we now interpret the decision in Quatray v. Wicker, supra, it does not alter the general rule that one defendant sued solidarily has no rights whatever as against another defendant unless and until there is a final judgment in which both are held solidarily liable.
We think that the Supreme Court clearly showed that the situation which exists where a final judgment is rendered against *Page 617 
two solidary obligors is entirely different from that which exists where prior to the finality of a judgment against two such solidary obligors one attempts to assert any rights as against the other.
In that decision (Quatray v. Wicker), the Court considered the case of Sincer v. Heirs of Bell, 47 La. Ann. 1548, 18 So. 755, in which one defendant, prior to judgment, made a compromise settlement with the plaintiff. The other defendant was ultimately held liable to plaintiff and, having paid the judgment, brought suit against the other party who had previously made a compromise with the plaintiff, and in that suit demanded contribution. The Supreme Court held that in such case contribution could not be demanded. In Quatray v. Wicker, supra, the Supreme Court pointed out the distinction between that case and Sincer v. Bell, supra, and said that the opinion in the latter case contained an inference that if the judgment had been rendered against both, the one who paid it could have demanded contribution from the other, but that since one had been eliminated from the case and the judgment had been rendered only against the other, no rights came into existence as between those two parties who had been originally sued solidarily.
We repeat then that Quatray v. Wicker, supra, did not change the long established rule that one solidary obligor has no rights as against another which permits the one to demand by appeal that the other be held in the case as a party defendant, and we conclude that under the well established rule The Texas Company had no right of appeal from the judgment which, on exception of no cause of action, dismissed the suit as to the Thibodaux Boiler Works, Inc.
Counsel for The Texas Company argue that in the event we conclude that that company, as a joint defendant sued solidarily, has no right to appeal from the judgment insofar as it dismisses the other defendant, still it should be permitted to appeal because of the effect of Article 571 of our Code of Practice. That article reads as follows:
"The right of appeal is given, not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment."
Counsel say that if a third person not a party to the suit is permitted to appeal from a judgment on a mere showing that such third person is aggrieved by the judgment, surely a party litigant "should not be subjected to a more stringent requirement * * *." The answer we think lies in the fact that in order for a person to be aggrieved by a judgment, it must appear that a legal right has been affected thereby. And it is evident from the cases to which we have referred that there is no legal right in one defendant to have the other defendant remain as a party to the litigation. While it is true that if the other defendant remains a party and is ultimately solidarily cast then a right to demand contribution comes into being, still it is clear that at no time prior to the finality of the ultimate decree has the one defendant any rights as against the other.
If one defendant in such situation has no right to appeal, then to permit it to appeal would be to permit it to champion the rights of the plaintiff.
We think it would be illogical to hold that though as a party to the litigation the appellant has no rights as against the other defendant, nevertheless because of the effect of Article 571 the appellant here could be treated as a third party aggrieved and permitted to appeal.
Since the plaintiff has appealed from the judgment even insofar as it dismisses the suit as against the Thibodaux Boiler Works, Inc., The Texas Company will be protected if and when a final decree is rendered against the two defendants solidarily. Until that time it has no right to itself appeal as against the Thibodaux Boiler Works, Inc.
Our original decree is reinstated and made final.
Original decree reinstated; appeal dismissed. *Page 618