**LINKENHOGER et al. v. OWENS et al.**

**LINKENHOGER et al. v. SANDERS et al.**

No. 12918.

United States Court of Appeals
Fifth Circuit.

April 5, 1950.

Rehearing Denied May 3, 1950.

Charles B. Emery, Shreveport, La., for appellants.

Benjamin C. King, Shreveport, La., Ashley J. Gold, Shreveport, La., Charles D. Egan, Shreveport, La., for appellees.

Before WALLER, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Complainants, Mary Lee Owens and Jerry Sanders, were passengers upon a public

bus and were injured when the bus was struck from the rear by a tank truck owned and operated by Edgar Linkenhoger. They instituted suits against New Amsterdam Casualty Company, insurer of the bus, and Edgar Linkenhoger and American Fidelity and Casualty Company, Inc., his insurer. The insurer of the bus will be hereinafter referred to as Amsterdam and the parties concerned with the truck as Linkenhoger. The causes were consolidated for the purpose of trial, and upon the trial the jury found in favor of the complainants and against Linkenhoger, discharging Amsterdam from all liability. Linkenhoger assigns as error the action of the Court denying his motion for judgment notwithstanding the verdict, or in the alternative, for indemnity against the bus company, or in further alternative, for contribution, or further for the grant of a new trial, and the giving by the trial Court of charges to the jury requested by Amsterdam and the failure to give charges requested by the appellant Linkenhoger as to issues between him and Amsterdam. So far as the complainants are concerned, the only error assigned here is that the verdict is excessive. Determination of questions presented by the appeal depend in part for solution upon the posture of the case presented by the pleadings, but there is no reason for a full recital of the long and detailed allegations of the complaints, the answers, or the cross claims interposed by Linkenhoger against Amsterdam. Complainants alleged that Amsterdam's insured was negligent in stopping the bus with some three feet of the rear end extending out upon the concrete pavement and that Linkenhoger was jointly and concurrently negligent in the operation of his truck whereby it was permitted to run into the bus projecting upon the highway. Linkenhoger by answer denied all allegations of negligence against him, admitted the negligence charged against Amsterdam, and by way of further answer detailed his contention as to the manner in which the collision occurred and of the negligence on the part of the operator of the bus by which it was stopped with its left rear end projecting upon the highway, and which

because of the color of the bus and the condition of the highway and traffic, as detailed, created an optical illusion that the entire highway was unobstructed, and that this negligence was the sole proximate cause of the collision. Expressly assuming the position of complainants in cross claim, naming Amsterdam as defendant in cross claim, and adopting the allegations of negligence in his answer, Linkenhoger sought judgment against Amsterdam for whatever amount the original complainants might recover against him, and in the alternative, in the event his driver should be found guilty of negligence proximately contributing to the collision, that he have judgment over against Amsterdam for contribution of one-half of any amount which might be awarded the original complainants. Amsterdam by a pleading entitled answer and answer to cross claim, denied all allegations of negligence against it, and admitted that the collision was caused by the negligence of Linkenhoger. In the same pleading, after answering the numerous articles of the complaints and cross claims, plead its contentions as to the facts, and alleged the collision was caused solely by the negligence of the truck driver. The case thus involves the claims and rights of the original complainants as against two defendants as joint tortfeasors, the defenses of these defendants against the complainants, and their rights as between themselves in attempting to escape liability to the complainants, and further, the right of the cross complaining defendant against his codefendant, but with which the original complainants are not concerned.

The original complainants made no motion for a new trial nor have they prosecuted an appeal, and so far as they are concerned, the verdict and judgment in their favor against Linkenhoger has become final. Linkenhoger has appealed, naming the original complainants and Amsterdam as appellees. Amsterdam moves, in which complainants join, to dismiss the appeal for the reasons, as contended, that since a judgment *in solido* was sought against the defendants as joint tortfeasors, and the judgment relieved one from liability, it cannot be questioned on appeal taken by

the defendant cast in the judgment; further, that it is only where the joint tortfeasors are cast *in solido* that there is any right of contribution; and further, that there is no right of indemnity because the case is not one where the defendant cast was only technically or constructively at fault.

We are of the opinion that while, for reasons hereinafter to be stated, many of the assignments of error asserted by Linkenhoger against Amsterdam may not now be urged by Linkenhoger, his appeal nevertheless presents matters, even if not meritorious, for determination. We refer particularly to the contention that the evidence shows as a matter of law that the negligence of Amsterdam was the sole proximate cause of the collision, and that the verdict is excessive. We therefore overrule the motion to dismiss.

■■ This appeal presents questions involving the application of the Federal Rules of Civil Procedure, 28 U.S.C.A., and their proper adjustment with the substantive law of the State of Louisiana in asserted causes of action dependent for validity upon the substantive law of that State. The Federal Court has jurisdiction only because of diversity of citizenship and the amount in controversy. It presents another aspect of the sometimes difficult problem of determining the shadowy dividing line between what is procedural rule and what is substantive law. Regardless of other distinctions, or grounds of solution in general, we may safely premise that to the extent that a Federal procedural rule is employed to afford a means to secure a right not permitted by the substantive law of the State in which the Federal Court sits, and to achieve a final adjudication of liability not

authorized by the substantive law of the State of the forum, to that extent it represents an enlarged declaration and enforcement of substantive law. The command of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is that the ultimate results reached in litigation in the Federal Courts predicated upon causes of action arising from the State law, must be the same as if the litigation had been conducted in the State courts.[1] While the Federal Courts should properly employ its own rules of procedure to secure the just, efficient and prompt determination of all claims inherent in any litigation before it, nevertheless the ultimate results reached must be such as accord with the substantive jurisprudence of the State of the forum. Thus, if there be no directly applicable State authority, the Court must ascertain for itself what would be the declaration of the State law by the State Courts in such a situation as confronts it.[2]

We conclude that under the facts of this case and the law applicable thereto, Linkenhoger has no standing to urge any of what might be termed substantial questions of error favoring his codefendant; that those proper for consideration are not meritorious, and that therefore no ground authorizing reversal of the judgment appealed from is presented.

The Federal procedural rule relied upon by Linkenhoger as the fundamental basis for the assertion of his rights is Rule 13 (g).[3] However, the provisions of this rule must be applied so as to do no violence to the substantive law of Louisiana. While the question is not entirely free from doubt, we are of the opinion that Linkenhoger has now no valid claim against Amsterdam,

---

1. Ragan v. Merchants Transfer and Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233.

2. Cf. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

3. "Cross-claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party

arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

either that it is liable to him for all or part of the claims asserted against him by the original complainants. No authority directly in point has been presented or discovered. We must therefore consider the substantive Louisiana jurisprudence as providing and controlling the respective rights of complainants, the defendants proceeded against for a judgment *in solido,* and the rights of these defendants as among themselves. One of our brothers of the United States District Court, Judge Porterie, has had occasion to express his opinion in ruling upon some aspects of the questions involved in Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299; Gray v. Hartford Accident & Indemnity Co., D. C., 32 F.Supp. 335; Gray v. Hartford Accident & Indemnity Co., D.C., 36 F.Supp. 780, and in Shannon v. Massachusetts Bonding & Ins. Co., D.C., 62 F.Supp. 532. These cases involve the right of the original defendants as third party plaintiffs to bring in third party defendants under Rule 14 of the Federal Rules of Civil Procedure, but the rulings there made, the principles of which Linkenhoger relies upon in support of his contentions here, do not receive our approval. Appellant himself concedes that if the action was pending in the State court of Louisiana he could not assert his rights, but claims that this is because of Louisiana procedural rules rather than its substantive law. We do not agree.

We find it clearly established by the rulings of the Louisiana Courts, in holdings in some instances by analogy, and in others directly, that there is possessed by the plaintiff seeking a recovery for injuries sustained as the result of the joint and concurrent negligence of defendants who have been guilty of active negligence which concurred in producing injury to the plaintiff, a right of election of the defendant or defendants against whom he chooses to proceed. If he abandons, voluntarily or involuntarily, his action against one, the other or remaining joint tortfeasor defendant may not complain. This principle is directly applicable here since the judgment discharging Amsterdam has been permitted by the plaintiff to become final so that the plaintiff has no further claims or demands against this defendant growing out of this collision. We also determine the Louisiana jurisprudence to be that the right of contribution between joint tortfeasors arises only in the event that such joint tortfeasors have been cast by judgment *in solido,* since each defendant is liable for the whole damage and the injured party may sue either or both, and neither has any right as against the other prior to the imposition of a judgment *in solido* and its payment by the defendant seeking contribution.

While for the purpose of clarity we have stated the propositions separately, they are in effect so interdependent in logic and result as to be together the representation of a total legal consequence. Stated another way, as the result of such acts of negligence as are here involved, each of the joint tortfeasors is liable for the whole of the damages, and thus the plaintiff may proceed against one or both, and neither has any right as against the other. A determination of the right of election by the plaintiff in such a situation in Louisiana is found in Chaney v. Hutches, La.App., 192 So. 556, 559. Indeed, without attempting to exhaustively analyze the Louisiana authorities, many of which we have considered, we think we may safely rely upon the statement of the Supreme Court of Louisiana in Reid v. Monticello, 215 La. 444, 40 So.2d 814, 816, that in Louisiana jurisprudence "the generally accepted rule is that where a solidary judgment is sought against two defendants as joint tort feasors, a judgment relieving one of liability cannot be questioned on appeal taken by the defendant cast in the judgment, the reasons therefor being that each defendant is liable for the whole damage and the injured party may sue either or both and *neither has any right as against the other".* It is true that in that case the appeal was allowed, but it is expressly predicated upon the fact that there was a question of express contractual liability between the codefendants independent of the claim of the plaintiff against one of the defendants. The general rule in Louisiana quoted above finds confirmation in Spanja v. Thibodaux Boiler Works, La.App., 37 So.2d 615, 616, which after citing Rumpf v.

Callo, 16 La.App. 12, 132 So. 763, quotes therefrom as follows: "Solidary liability rests on joint tort-feasors. Each, if guilty of negligence proximately contributing to an accident, is liable for the whole damage. An injured party may sue either or both and neither has any right as against the other." In the Spanja case, supra, Thalheim v. Suhren, 18 La.App. 46, 137 So. 874, was also cited and quoted: "If there is any liability in more than one defendant, that liability is solidary, since it results from the acts of joint tort-feasors. The appeal by one joint tort-feasor cannot have any effect as against other joint tort-feasors who, by the judgment in the court below, were absolved from liability." The decision further recognizes that Quatray v. Wicker, 178 La. 289, 151 So. 208 (of which more will be said later), "did not change the long established rule that one solidary obligor has no rights as against another which permits the one to demand by appeal that the other be held in the case as a party defendant * * *." We will interrupt our general discussion here to observe that the most plausible objection to the propriety of such holdings is that when the right of one codefendant to contribution is solely dependent upon the rendition of a judgment against him and his codefendant in solido, it would appear that he should have the right to insist that such codefendant be retained as a defendant and not be discharged by an erroneous judgment. Entitled to insist, in other words, that the rendition of such a judgment in solido should not be made impossible by an erroneous dismissal or discharge of his codefendant. This view was once entertained by the Louisiana Court and controlled its first decision in the Spanja case, supra, La.App., 33 So.2d 146, but after the grant of a motion for rehearing, was rejected, the Court stating: "But the fact that there may be a legal possibility that the two defendants may be held liable solidarily does not make it necessary that we hold that one may appeal from the judgment which, on exception of no cause of action filed by the other, sustained that exception and dismissed the suit as to that other. As we now interpret the decision

in Quatray v. Wicker, supra, it does not alter the general rule that one defendant sued solidarily has no rights whatever as against another defendant unless and until there is a final judgment in which both are held solidarily liable." We think it must follow logically and inescapably that if the substantive law prevents a codefendant from correcting what might be an erroneous discharge of his codefendant from the litigation by dismissal prior to judgment, it cannot be legally material that such discharge or absolvement from liability arises from claimed errors committed upon the trial in which nonliability was adjudged. Equally in either case the essential condition of judgment in solido is not present, though the means by which the fulfillment of such condition is prevented may differ. If the substantive law of Louisiana be as we understand it, it is no concern of the Federal Court trying a case predicated upon the Louisiana jurisprudence, to attempt to change it to accord with its notions of rationalization. Furthermore, the rights of the plaintiffs must be given full consideration, and the enforcement of a different rule would permit him to be delayed and prejudiced by attacks and counterclaims between defendants with which he is not concerned, or his judgment rendered invalid by errors which he in no way induced.

Certainly the rulings to which we have just adverted demonstrate that the substantive law of Louisiana is that as held in Quatray v. Wicker, supra, the right of contribution between joint tortfeasors exists only in behalf of one of the joint tortfeasors who is compelled to pay damages awarded by judicial decree against both in solido. In that case it was stated [178 La. 289, 151 So. 210]: "The only question therefore is whether, if one of two joint tort-feasors pays the whole amount of a judgment rendered against both of them, in solido, for damages done by them jointly, the one who pays may compel the other to contribute half of the amount paid." It was ruled that a joint tortfeasor could so compel contribution. As we think clearly shown by the authorities referred to above, this situation considered in Quatray v. Wicker, supra, must exist in order that one

joint tortfeasor may have "any right as against the other." [4] Apart from the question of the absence of the right of appeal by one tortfeasor when his codefendant is dismissed from the case, there is express authority by the Supreme Court of Louisiana subsequent to the decision in Quatray v. Wicker, supra, that an independent suit to enforce contribution predicated upon a judgment alone against the erstwhile defendant seeking to enforce contribution, may not be maintained against the alleged tortfeasor who was not named as a defendant in the suit out of which the judgment arose. Ætna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450. The decision of the Supreme Court of Louisiana is further significant and apparently pertinent to the question presently under consideration by reason of the construction given to the ruling in the Quatray case, supra, by the Court's consideration of Sincer v. Heirs of Bell, 47 La.Ann. 1548, 18 So. 755, in connection with that case and in denying any conflict between the two rulings. The Court said [185 La. 1074, 171 So. 451]: "The case of Sincer v. Heirs of Bell, as announced in Quatray v. Wicker [supra] is authority for the proposition that *one of two joint tortfeasors who has been judicially compelled to pay for the damages committed by them jointly* has not a right of action *against the other* of the two joint tortfeasors *who has not been judicially condemned* to pay the damages. But Sincer v. Heirs of Bell is not appropriate to a case where *two joint* tort-feasors have been judicially condemned, *in solido,* to pay damages, and *one* of them has paid the judgment. (Italics ours.)" [5]

The Louisiana jurisprudence is not contrary to the rule prevailing generally. As stated in 18 C.J.S., Contribution, § 11, page

14, and supported by authorities from many jurisdictions, including Quatray v. Wicker, supra, "Apart from statute, the general rule * * * is that one of several wrongdoers, who has been compelled to pay the damages for the wrong committed, cannot compel contribution from the others who participated in the commission of the wrong. This is a rule not only of the common, but of the civil, law, * * *." The common law rule is said to be abrogated by various statutes which confer a right of contribution in cases brought within their terms. This text further states that "The conditions stated in the particular statute must exist before the right to contribution is given." We think the rule in Quatray v. Wicker constitutes in effect a statute, or at least, in the light of the Louisiana jurisprudence, a declaration of the conditions which must exist before the right of contribution may be enforced between joint tortfeasors. This is the construction given a statutory provision in other States wherein it is held, as we do here as to the Louisiana law, that the right of action for contribution does not exist as between joint tortfeasors guilty of concurrent negligence which is the proximate cause of the plaintiff's injury unless and until a judgment *in solido* has been rendered against the codefendants. [6] Making application of the substantive law of Louisiana, we have the situation that the plaintiffs have accepted the verdicts absolving Amsterdam from liability, and thereby so far as the plaintiffs are concerned, it is legally impossible that a judgment casting Linkenhoger and Amsterdam *in solido* can ever be secured. Thus the rule of Quatray v. Wicker, supra, cannot be brought into play. Each of the errors assigned which are of sufficient substantiality to require consider-

---

4. Reid v. Monticello, supra.

5. See also, Winford v. Bullock, 210 La. 301, 26 So.2d 822; De Cuers v. Crane Co., La.App., 40 So.2d 61. These and the Spanja and Reid cases, supra, were each decided after the Gray cases, supra, but make no reference to them.

6. Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178; Vaughn v. Guenther, D.C., 8 F.R.D. 157; Bache v.

Dixie-Ohio Express Co., D.C., 8 F.R.D. 159. In the Bache case the writer made reference, by way of illustration only, to Gray v. Hartford Accident & Indemnity Co., supra, without any independent examination of the Louisiana authorities as none were involved in that case. Upon examination, he is of the opinion that there is no substantial difference between the Louisiana law and the Georgia law there applied.

ation, or to in any possible event justify a reversal of the judgments, are in favor of Amsterdam. Viewed most favorably to Linkenhoger's contentions, these errors resulted in Amsterdam being discharged from liability. However, Linkenhoger cannot complain of these errors as against the plaintiffs, for the plaintiffs are entitled to hold either one or both of the joint tortfeasors, if they be such, and even if not, to hold Linkenhoger alone, if the evidence be sufficient to support the verdicts in their favor against him.

■ So far as any alleged errors in favor of his codefendant are concerned, he cannot complain, for in the absence of a judgment against the defendants *in solido*, he has no right of contribution and furthermore, since his obligation as a joint tortfeasor makes him liable for the entire damages, so that he has no right to assert the erroneous dismissal prior to verdict, or by errors inherent in the verdicts by which such abandonment or discharge is effected, he can likewise not complain of errors alleged to have induced the absolvement or discharge of his codefendant, Amsterdam.

■ We have emphasized the legal relationship between the defendants in the event that they were joint tortfeasors, for it was upon this basis that they were sued by the complainants and, while it is unnecessary to make a binding determination that such was the true relationship under the evidence, from a practical standpoint, the evidence nevertheless points to this conclusion. In either event, the complainants' judgments against Linkenhoger are, under the record here, subject to attack by Linkenhoger upon only two grounds,— the contention that the evidence shows as a matter of law that the negligence of Amsterdam was the sole proximate cause of complainants' injuries, and consequently there is no sufficient evidence of Linkenhoger's negligence to support the judgments and additionally, that the verdicts are excessive. There is no ground for a determination that the verdicts against Linkenhoger are without support in the evidence, or stated another way, for holding that the evidence shows as a matter of law that

the negligence of Amsterdam was the sole proximate cause of complainants' injuries and that therefore the verdicts against Linkenhoger should be set aside. The question of the amount to be awarded in the trial Court, and the assignment of error that the damages were excessive, presents nothing for consideration by this Court. Texas-Pacific-Missouri Pacific Terminal Railroad of New Orleans v. Welsh, 5 Cir., 1950, 179 F.2d 880, and citations. As we have held, there are no errors in the trial Court which may be asserted by Linkenhoger to upset the complainants' judgments. Accordingly, as to this feature of the case, the judgments in favor of appellees Mary Lee Owens and Elizabeth Sanders, Tutrix, for minor Jerry Sanders, against Linkenhoger are affirmed.

There remains for consideration the validity of the claims asserted by Linkenhoger against Amsterdam by his cross-claim seeking contribution or indemnity. What we have already said disposes of the right to claim contribution, and the fact that the cross-claim is supposed to be predicated upon Rule 13 of the Federal Rules of Civil Procedure does not change the matter since, as we have determined, there does not, and cannot, exist any right of contribution between Linkenhoger and Amsterdam through the employment of Rule 13 as the foundation for a retrial of the matter and in effect provide a remedy not authorized by the substantive jurisprudence of Louisiana. The rule does not, and cannot, create a cause of action which would permit a claim to be asserted in a Federal Court merely as the result of the accident of the diversity of citizenship of the parties, which could not be enforced in the State Courts. Of course no useful purpose could be served by the grant of a new trial to assert an alleged cause of action which is not maintainable. As to the remaining claim by Linkenhoger that he is entitled to pursue his claim for indemnity against Amsterdam, we find no warrant for such a suit in the Louisiana jurisprudence. The Louisiana authorities cited by Linkenhoger, of which Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, and American Employers'

Ins. Co. v. Gulf States Utilities Co., La. App., 4 So.2d 628, may be mentioned as examples, are clearly not apposite in the present case, since here the sole question is the respective negligence of the operators of the two motor vehicles in a collision between the two. vehicles, as a result of which the plaintiffs were injured. If this determination be considered unfair to Linkenhoger, it may be replied that the result reached .here is in principle the same as that reached in similar cases in the State Courts of Louisiana to which we have referred.

The trial Court did not err in overruling the motions for directed verdicts or in refusing to grant the motions for judgments notwithstanding the verdicts. As to the appellee Amsterdam, the errors assigned by appellant Linkenhoger show no ground which may be now asserted to reverse the judgments of the trial Court discharging Amsterdam from liability, and accordingly the judgments should be, and are,

Affirmed.