103 So.2d 476 (1958)
Arthur J. KAHN et al., Plaintiffs-Appellees,
v.
URANIA LUMBER COMPANY, Ltd., Defendant-Appellant,
C. Errol Barron and The Fidelity and Casualty Company of New York, Third-Party Defendants.
No. 8815.
Court of Appeal of Louisiana, Second Circuit.
May 26, 1958.
*477 Gist, Murchison & Gist, Alexandria, for appellant.
Stafford & Pitts, Alexandria, for appellees.
Plauche & Stockwell, Lake Charles, for third-party defendants.
AYRES, Judge.
This is an appeal by defendant, Urania Lumber Company, Ltd., from a judgment in a tort action dismissing its third-party petition against C. Errol Barron and The Fidelity and Casualty Company of New York on an exception of no cause of action.
This action was instituted by the surviving parents of a minor son fatally injured in a motor vehicle collision allegedly caused by the negligence of the driver of defendant's truck. In defendant's third-party petition it is contended that Barron's minor son was the operator of a motorcycle upon which plaintiff's minor son was a passenger at the time of the fatal collision. It was also averred that the negligence of the operator of the motorcycle was the sole and proximate cause of the accident, and, in the alternative, that the negligence of C. Errol Barron, Jr., was likewise a proximate cause of the accident.
Therefore, defendant's third-party action sought to bring in Barron and his insurer as third-party defendants on the grounds that Barron's minor son was a joint tortfeasor with defendant's employee. The purpose of defendant's third-party action is to lay the foundation for judgment in solido against third-party defendants as joint tort-feasors or to compel contribution in any award that plaintiff might recover in this action.
The issues present primarily for consideration two propositions: First, the *478 right vel non of a tort-feasor to contribution from a joint tort-feasor and, secondly, if it should be determined as a general rule a joint tort-feasor is without right to such contribution from a joint tort-feasor whether the Third-Party Practice Act, Act No. 433 of 1954 (LSA-R.S. 13:3381 et seq.), the pertinent provision of which is as follows:
"In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand,"
effected a change in the substantive law of Louisiana so as to grant or confer the right of contribution as between joint tort-feasors so as now to permit an alleged tort-feasor to be brought into an action for damages on the basis of contribution or otherwise by the other tort-feasor who is alone sued in the original action.
These propositions will now be discussed in the order named.
The general rule of law well established in the jurisprudence of this State is there is no right of contribution between joint tort-feasors unless and until they have been condemned in a judgment in solido, and then only in favor of the joint tort-feasor who has paid the damages awarded. Quatray v. Wicker, 178 La. 289, 151 So. 208; Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450; Appalachian Corp., Inc., v. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 So. 539; Winford v. Bullock, 210 La. 301, 26 So.2d 822; Sincer v. Widow and Heirs of Bell, 47 La.Ann. 1548, 18 So. 755; Toye Bros. Yellow Cab Co. v. V-8 Cab Co., La.App., 18 So.2d 514; Spanja v. Thibodaux Boiler Works, La. App., 37 So.2d 615; De Cuers v. Crane Co., La.App., 40 So.2d 61; May v. Cooperative Cab Co., La.App., 52 So.2d 74.
The Supreme Court as early as 1814 held that those condemned for their willful torts could not seek out others and fix upon them a share of responsibility for the damage done. Meunier v. Duperron, 3 Mart., O.S., 285. The rule was held to extend to negligent co-tort-feasors in Sincer v. Bell, supra. The liability of joint tort-feasors is solidary. LSA-C.C. Art. 2324. Nevertheless, an injured party may sue either or both, and neither has any right against the other. Spanja v. Thibodaux Boiler Works, supra.
In Aetna Life Insurance Co. v. De Jean, supra, it was held that the liability of an alleged negligent co-tort-feasor may not be established originally in an action for contribution instituted by a tort-feasor who has been condemned alone to pay damages. See also Chaney v. Hutches, La.App., 192 So. 556. Even though there is liability in more than one defendant and notwithstanding that such liability is in solido, the appeal by one joint tort-feasor can have no effect against other joint tort-feasors who, by the judgment of the trial court, were absolved from liability. Spanja v. Thibodaux Boiler Works, supra.
In Quatray v. Wicker, supra, it was held that, if negligent co-tort-feasors have been joined as defendants in the original action and judicially condemned in solido, a right of contribution arises under LSA-C.C. Arts. 2103 and 2161. The first of these articles, which specifically deals with contractual solidary obligors, was extended to cover judgment debtors whose original relationship was that of joint tort-feasors. As judgment debtors, their obligations, one to another, are governed by LSA-C.C. Arts. 2103 and 2104 under that title of the Civil Code treating "Of Conventional Obligations" rather than controlled by the principles concerning their relationship as joint tort-feasors.
The rulings referred to clearly demonstrate that the substantive law of this State as concerns the right of contribution between tort-feasors is as held in Quatray v. Wicker, supra, that is, that such right of *479 contribution between joint tort-feasors exists only on behalf of one of the joint tort-feasors who is compelled to pay damages awarded by judicial decree against both in solido. There the court stated:
"It cannot be disputed that the liability of the joint tort-feasors in the case before us is a solidary liability. That is settled by the decision rendered against them by the Court of Appeal. Hence the case is governed by articles 2103 and 2161 of the Civil Code. Article 2103 declares that those who are liable in solido for an indebtedness to a third party are liable, each for his share of the debt, to each other. It is true that the article refers to an obligation contracted in solido; but the rules relating to obligations in solido, or joint obligations, are the same with regard to obligations arising ex delicto as with regard to obligations arising ex contractu, especially when they are fixed by a judicial decree. Loussade v. Hartman, 16 La. 117; Gardiner v. Erskine, 170 La. 212, 217, 127 So. 604. Article 2161 of the Civil Code declares that subrogation takes place when a debt is paid by one who, being liable with another, or for another, for the payment of the debt, has an interest in paying it." 151 So. 212.
There the question was whether, where one of two joint tort-feasors pays the whole amount of a judgment rendered against both of them in solido for damages done by them jointly, he may compel the other to contribute half of the amount paid. It was held he could compel contribution.
After a thorough review of the jurisprudence of this State, the United States Court of Appeals, Fifth Circuit, in Linkenhoger v. Owens, 181 F.2d 97, 102, stated:
"We think the rule in Quatray v. Wicker constitutes in effect a statute, or at least, in the light of the Louisiana jurisprudence, a declaration of the conditions which must exist before the right of contribution may be enforced between joint tortfeasors. This is the construction given a statutory provision in other States wherein it is held, as we do here as to the Louisiana law, that the right of action for contribution does not exist as between joint tortfeasors guilty of concurrent negligence which is the proximate cause of the plaintiff's injury unless and until a judgment in solido has been rendered against the codefendants." (Emphasis supplied.)
Such was characterized as the substantive law of Louisiana. Therefore, there is no substantive law in this State granting or conferring a right upon a joint tort-feasor to contribution from another tort-feasor as such and simply because of such relationship. The right of contribution exists as between them only when they have become solidary obligors as judgment debtors, and then where one has paid the obligation, or a portion thereof, at least, in excess of his pro rata share.
The ruling of the United States District Court for the Western District of Louisiana in Gray v. Hartford Accident & Indemnity Co., 32 F.Supp. 335, relied upon by appellant, was disapproved in the Linkenhoger v. Owens case and impliedly overruled.
Under its Civil Practice Act, Chapter 714, of the Laws of 1928, § 211-a, the State of New York provided by statute for contribution between joint tort-feasors where judgment had been recovered jointly against two or more defendants in an action for personal injury or for property damage, and where such judgment had been paid in whole or in part by one or more of such defendants, the liability of each, as between themselves, was recognized as a pro rata share.
Under § 193, subd. 2, of the aforesaid New York Civil Practice Act, in language similar to the Louisiana Third-Party Practice Act, it was held that the prerequisites *480 specified in § 211-a, as pertain to actions by one joint tort-feasor against another, must be met before the right to contribution is given; that is, the two or more defendants must be parties to the suit of the plaintiff and a money judgment must have been recovered jointly against them. Under those circumstances and upon the payment of the judgment by one of the judgment debtors, his right to contribution arises. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578. The rule in that case has been applied or followed in subsequent cases (168 A.L.R. 606; 11 A.L.R.2d 234; Hughes v. DeSimone Stevedores, Inc., 277 App.Div. 371, 100 N. Y.S.2d 241), notwithstanding a later amendment to the New York Civil Practice Act, § 193-a, effective September 1, 1946, which now provides, in language almost identical with the words of our statute:
"After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, * * *." (Emphasis supplied.)
Moreover, as concerns the right in general to contribution, 11 A.L.R.2d 230 states:
"Hence, as a general proposition, the right of a defendant in an action for personal injury or death to implead a joint tortfeasor for the purpose of asserting a right of contribution depends upon the existence and construction of two statutes, a procedural one which permits a defendant to implead a third party who is or may be liable to the defendant should judgment be rendered against him, and a substantive statute giving him the right of contribution against a joint tortfeasor."
In a similar action the South Carolina Supreme Court in Simon v. Strock, 209 S.C. 134, 39 S.E.2d 209, 211, 168 A.L.R. 596, stated:
"If the defendant and the parties sought to be brought in were joint tortfeasors, the decisions of this Court are clear to the effect that defendant would have no right to bring in as an additional defendant a joint tort-feasor who was not made a party by the plaintiff. Little v. Robert G. Lassiter & Co., 156 S.C. 286, 153 S.E. 128; Deas v. Rock Hill Printing & Finishing Co., 171 S.C. 58, 171 S.E. 20. It is well established in this jurisdiction that one who is injured by the wrongful act of two or more joint tort-feasors has an election or option to sue each of such tort-feasors separately or to join them as parties defendant in a single action. Every person who joins in committing a tort is severally liable for it and cannot escape liability by showing that another person is liable also. The election or option referred to is given to the plaintiff and not to the defendant. To allow a defendant, against the consent of the plaintiff, to bring in other joint tort-feasors would be an interference with the well recognized right of the plaintiff."
11 A.L.R.2d 235, in stating the Louisiana rule, says:
"While it is established in Louisiana that if a solidary judgment is rendered against two tortfeasors and one is required to pay the entire judgment, this defendant may force the other to contribute his share of the amount paid, this rule applies only where the plaintiff has prosecuted the case to final judgment against both solidary obligors, and it is settled that if the plaintiff sues only one, or having sued both, abandons the case as to one, the original defendant has no right to insist that the other also be kept in the case as a defendant, nor has he the right to call upon the other for contribution. See De Cuers v. Crane Co., La.App.1949, 40 So.2d 61." (Emphasis supplied.)
*481 The reason for the rule of non-contribution among joint tort-feasors is founded upon public policy that no one can allege his own turpitude or claim an advantage for his own wrong. The courts in such a case will leave the parties in the position in which they have placed themselves and will not undertake to adjust equities between them nor to inquire into the comparative or relative culpability as between them. Winford v. Bullock, supra; Appalachian Corp., Inc. v. Brooklyn Cooperage Co., Inc., supra; De Cuers v. Crane Co., supra.
The common-law rule against compelling contributions between or among joint tort-feasors is likewise predicated upon public policy.
Appellant apparently contends there is no real reason why joint tort-feasors, even though not condemned in solido, should be denied the privilege of establishing the liability of the other tort-feasors and obtaining contribution. In this it is supported by law review comments and notes, among which are 1 La.Law Review 235, 239; 9 Tulane Law Review 125, 127. We note, however, these articles make no mention of public policy. This principle, we think, constitutes a real reason warranting denial of contribution between joint tort-feasors as such.
The statute is clearly procedural in character and a study thereof discloses no intention on the part of the Legislature to effectuate a change in the substantive law as pertains to the right of contribution as between joint tort-feasors. Had the Legislature intended such a change, its intent could have been expressed unequivocably and in no uncertain terms, in which event there would be no necessity for an attempt to interpolate, under the guise of interpretation, a provision which was not incorporated in the statute.
The title of the Act, "To authorize third-party practice in all civil proceedings in the courts of this State", is clearly indicative of the fact the statute is procedural in character. Automotive Finance Co., Inc., v. Daigle, La.App., 80 So.2d 579. Neither the title nor the body of the Act contains any indication of any intent or purpose to effect a change in any substantive law or to create in any one, or confer upon joint tort-feasors or other classes of persons, any rights to which they were not then entitled under existing laws.
If it could be said the language of the body of the statute is of doubtful meaning, which we do not concede, any ambiguity would be readily dispelled by reference to the title of the Act. While a title is no part of a statute, it may be considered in determining the legislative intent where doubt exists. Succession of Baker, 129 La. 74, 55 So. 714; Pritchard v. Southern Ins. Co. of Nashville, Tenn., 176 La. 187, 145 So. 374; Hughes v. Rudd, 178 La. 588, 152 So. 300; Schimpf v. Thomas, 204 La. 541, 15 So.2d 880; Conley v. City of Shreveport, 216 La. 78, 43 So.2d 223; Melancon v. Mizell, 216 La. 711, 44 So.2d 826. Reference to the title as hereinabove quoted discloses the intent and purpose of the Legislature only to authorize third-party practice in Louisiana, a mere matter of procedure. Not even by a strained construction could it be reasoned that the statute created rights or conferred rights where such rights did not previously exist.
A comparison of the statute with Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., discloses a striking similarity. The Louisiana statute is based upon the aforesaid Federal rule. Automotive Finance Co., Inc., v. Daigle, supra; Ferrantelli v. Sanchez, La.App., 90 So.2d 351. Rule 14(a) is procedural. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Linkenhoger v. Owens, supra. In the Linkenhoger case it was recognized that no substantive rights were conferred by the procedural statute.
Moreover, Professor McMahon's views as expressed in his Louisiana Practice, 1956 Supplement, p. 102, footnote 45, are not inconsistent *482 with the conclusions herein reached. There he stated:
"Eventually, the principal use of third-party practice in Louisiana will be to enforce contribution among joint tort-feasors. While the way therefor has been paved procedurally by La. Act 433 of 1954, ([LSA-]R.S. 13:3381 et seq.) there is considerable doubt as to whether our substantive law would permit the enforcement of contribution against a joint tort-feasor who was not sued initially by the plaintiff." (Emphasis supplied.)
There is another point well deserving of consideration. This has reference to the rights of a plaintiff in an action in tort. As to joint tort-feasors, a plaintiff has a right to sue any one or all as he chooses. He may sue as many defendants as he chooses who he thinks may be liable in damages. The Legislature has not given this same choice to the defendants to bring in other parties who they think should be liable either in place of or jointly with those whom plaintiff has selected. Furthermore, these rights of a plaintiff should be given full consideration. The enforcement of a different rule would permit him to be delayed and prejudiced by attacks and counterclaims between defendants with which he is not concerned or his judgment rendered invalid by errors which he in no way induced. Chavers v. A. R. Blossman, Inc., La. App., 45 So.2d 398; Linkenhoger v. Owens, supra; Fox v. Western New York Motor Lines, Inc., supra; Simon v. Strock, supra. Without a clear expression to that effect, we could not construe the intention of the Legislature to effectuate such a change, or alteration, in plaintiff's rights as to abrogate such rights.
For the foregoing reasons, we are led to these conclusions: (1) that as a general rule between joint tort-feasors as such there is no right of contribution until and unless they have been condemned in solido in an action by the injured party and then only in favor of the one who has paid the judgments; (2) that the Third-Party Practice Act is procedural in character and does not effect any change in the substantive laws of this State, particularly as pertains to the relationship of joint tort-feasors, and (3) that the defendant, having no right to contribution from the alleged joint tort-feasors, has neither disclosed nor stated a cause of action against the parties sought to be made third-party defendants. Accordingly, the exception was, in our opinion, properly sustained.
Therefore, the judgment appealed is affirmed at appellant's cost.
Affirmed.