HARDY, Judge.
Plaintiff instituted this compensation suit praying for judgment in solido against the defendants, Alvin W. Curtis and Consolidated Underwriters. In addition to compensation for total and permanent disability plaintiff further prayed for medical expenses and for penalties and attorney’s fees. The defendant, Consolidated Underwriters, filed an answer denying the material allegations of plaintiff’s petition, and, in the alternative, coupled with its answer a call in indemnity directed against the defendant, Curtis. The action in indemnity and the prayer pursuant thereto were predicated upon the provisions of LSA-R.S. 23:1061 et seq. The defendant, Curtis, filed answer denying the material allegations of plaintiff’s petition, but made no answer to the call in indemnity. On this point issue was joined by entrance of a preliminary default by Consolidated Underwriters against Curtis. After trial on the merits there was judgment in favor of plaintiff awarding compensation at the rate of $29.25 per week for the period beginning November 3, 1955 and ending October 5, 1956, together with medical expenses, against the defendant, Consolidated Underwriters; plaintiff’s claims against defendant, Curtis, were rejected, and there was further judgment in favor of Curtis dismissing the call in indemnity asserted by Consolidated Underwriters. From this judgment Consolidated Underwriters has appealed.
On submission of this appeal it has been disclosed that plaintiff’s judgment has been satisfied by payment made by the defendant, Consolidated Underwriters. The only issue which is tendered by this appeal concerns the right of Consolidated Underwriters to a judgment in the nature of indemnity against its codefendant, Alvin W. Curtis.
The facts pertinent to a consideration of the issue presented may be briefly stated. Gross & Janes Tie Company purchased certain timber, suitable for the making of ties, upon a tract of land owned by Louisiana Longleaf Lumber Company. Alvin W. Curtis was the owner of a tie mill which he had bought in the year 1943 from Gross & Janes Company, who had retained a mortgage. The evidence indicates that during the period of thirteen years which has elapsed since the purchase of the tie mill Curtis has almost continuously been indebted to Gross & Janes, but it is clear from Curtis’ own testimony that he is the bona fide owner of the mill and that title thereto is vested in him. Following the purchase of the timber by Gross & Janes, Curtis moved his tie mill upon the property and began cutting ties in accordance with strict specifications of Gross & Janes. The manufactured ties were delivered to rail heads, also in accordance with directions from Gross & Janes. Upon *579 acceptance of ties, cut and delivered by Curtis, Gross & Janes deducted from the market price a specified amount per tie which they paid in the nature of stumpage to Louisiana Longleaf Lumber Company, in accordance with the provisions of their agreement for the purchase of the timber. The balance remaining was apparently remitted to Curtis. It is established that Curtis employed plaintiff and other laborers in connection with the operation of his mill, and that he also performed manual labor in connection with the mill operations. We think it has been conclusively proven that, aside from the establishment of specifications with respect to ties, Gross & Janes had no connection with, nor interest in, the Curtis operations. The trees designated for cutting and manufacture into ties were marked by Louisiana Long-leaf Lumber Company and were cut, processed and delivered by Curtis. Consolidated Underwriters was the workmen’s compensation insurer of Gross & Janes. Curtis did not carry any insurance. However, there is evidence in the record which indicates that before Louisiana Longleaf Lumber Company would conclude negotiations for the sale of tie timber to Gross & Janes it required and received from the latter’s representative the assurance that tie mills operating on its land would be adequately protected by workmen’s compensation insurance. We think it has also been satisfactorily established that Curtis knew of and relied upon this representation.
It was urged by plaintiff in his original petition that Curtis was either an employee of Gross & Janes or an independent contractor. In any event, of course, plaintiff’s rights against the insurer of Gross & Janes would be uncontested. Nevertheless, the determination of Curtis’ relationship with Gross & Janes is essential in consideration of the question presented, for it is clear that if Curtis was an employee there is no right to indemnity in favor of the employer’s insurer, whereas, if Curtis is held to be an independent or sub-contractor the principal’s insurer is entitled to indemnity under the provisions of LSA-R.S. 23:1061, 23:1063 and 23:1162. The effect of these statutory provisions is to subrogate the insurer of a principal contractor to the latter’s right of indemnity as against his sub-contractor for compensation payments on account of accidental injury to the sub-contractor’s employee.
We think the facts in the instant case unquestionably lead to the conclusion that Curtis was an independent contractor and not an employee of Gross & Janes. An identical issue was considered by this court in Murphy v. Tremont Lumber Co., 22 So.2d 79, in which the facts were remarkably similar to those of the instant case. We held that the contract was not one of the hiring of services. The same conclusion was reached by this court in Grant v. Consolidated Underwriters, 33 So.2d 575, in which the relationship of Gross & Janes to the operator of a tie mill was found to be that of principal and independent contractor.
Nor does the fact that defendant, Curtis, performed manual labor in connection with his operations nor that he was indebted to Gross & Janes, have any adverse effect upon the relationships of principal and independent contractor. Hanchey v. Consolidated Underwriters, La.App., 43 So.2d 487, and cases cited therein.
It follows that the specific provisions of the statute to which reference is above made, with respect to indemnity in favor of. the principal contractor, to which right his insurer is subrogated, are directly applicable and entitled to enforcement.
Inasmuch as Gross & Janes was not made a party defendant in plaintiff’s action, nor impleaded by Curtis, the issue of its liability, vel non, to Curtis by reason of the representations of its authorized agent with reference to insurance protection for its sub-contractors, is not presented for adjudication on this appeal. However, it should be observed that the judg *580 ment and decree hereinafter set forth are not to be considered as prejudicing any rights or claims which Curtis has or may assert against Gross & Janes.
It must also be noted that although our findings as above set forth indicate the right of plaintiff to judgment against the defendant, Curtis, this question has passed from the case by reason of the payment of judgment in favor of plaintiff.
For the reasons assigned the judgment dismissing the call in indemnity is annulled, reversed and set aside and there is now judgment in favor of Consolidated Underwriters and against Alvin W. Curtis for the full amount paid by Consolidated Underwriters in satisfaction of the judgment rendered in favor of plaintiff, Melton Richards, together with all costs.