137 So.2d 127 (1962)
CASUALTY RECIPROCAL EXCHANGE, Plaintiff-Appellant,
v.
RICHEY DRILLING & WELL SERVICE et al., Defendants-Appellees.
No. 462.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Voorhies, Labbe, Voorhies, Fontenot & Leonard, by H. Lee Leonard, Lafayette, for plaintiff-appellant.
Landry, Watkins, Cousin & Bonin, by Alfred S. Landry, New Iberia, for defendants-appellees.
Before TATE, FRUGÉ and CULPEPPER, JJ.
TATE, Judge.
This is a suit by the compensation insurer ("Reciprocal") of an employer to recover the sums paid to an injured employee for workmen's compensation benefits and in settlement of his compensation claim. The plaintiff's insured ("Brown") was the employee's general employer, and this suit is against the special or "borrowing" employer ("Richey") of the insured's employee at the time of the accident. Also made co-defendant is the compensation insurer of the special employer.
The trial court dismissed the plaintiff's suit upon the defendants' exceptions of no right or cause of action. The plaintiff therefore appeals.
The allegations of the petition show: A welder employed by Brown was injured on October 5, 1959 while performing work as *128 a "borrowed employee" for and under the direction of the defendant Richey. Following the injury, the plaintiff Reciprocal, as Brown's compensation insurer, paid compensation benefits and medical expenses and, on July 27, 1960, entered into a court-approved compensation settlement with the injured employee, paying thirty-five hundred dollars in addition to previously paid compensation benefits.
Under the terms of this compromise, a full discharge from further claim arising out of the accident was granted not only to the plaintiff Reciprocal and its insured, but specifically also to the present defendants, although the latter were not parties to the court-approved compromise agreement. Reciprocal and its insured also specifically reserved all rights they had to recover sums paid by them to the injured employee, from the present defendants, Richey and Liberty, the alleged special employer and its compensation insurer.
Preliminarily, it is now well-settled that both the general and the special employer are liable in solido for compensation benefits in a suit brought against them by the employee injured in the performance of hazardous work. Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895.
Able counsel for the defendants-appellees contends, however, that neither the general nor the special employer has a cause of action against the other to recover amounts paid, in the absence of a judgment obtained by the injured employee holding both employers solidarily liable for compensation benefits. Thus, counsel argues, the same rule applies as did in the case of joint tortfeasors at the time of the present accident. See Kahn v. Urania Lumber Co., La.App. 2 Cir., 103 So.2d 476.
As the Kahn decision states, after a full and scholarly summary of the applicable jurisprudence, 103 So.2d 481: "The reason for the rule of non-contribution among joint tort-feasors is founded upon public policy that no one can allege his own turpitude or claim an advantage for his own wrong. The courts in such a case will leave the parties in the position in which they have placed themselves and will not undertake to adjust equities between them nor to inquire into the comparative or relative culpability as between them. [Citations omitted.]" See also Quatray v. Wicker, 178 La. 289, 151 So. 208.
But this reason justifying the rule as to joint tortfeasors, does not exist in the case of employers solidarily liable for workmen's compensation claims. Liability in compensation is not founded on fault or wrongdoing; it is predicated instead upon liability without fault for injuries sustained in the course of employment, for reasons of social protection, rather than in order to right a wrong or to require one who damages another to repair the damages. See LSA-R.S. 23:1031; 1 Larson's Workmen's Compensation Law (1952), Section 2.00.
By Humphreys v. Marquette Casualty Co., above-cited, our Supreme Court has specifically held that the general and the special employer are solidary obligors as a matter of law, each solidarily liable for the full amount of workmen's compensation benefits due to an injured employee engaged in hazardous work at the time of the accident. If indeed they are solidary obligors, we are unable to find any authority requiring this solidary liability to be established only in a suit in which both employers are impleaded by the injured employeeother than in the wrongdoer situations, which we have previously found to be inapplicable to workmen's compensation liability. (Despite some language therein which implies support for the appellee's contention, the actual holding in Spanja v. Thibodaux Boiler Works, La.App.Orl., 37 So.2d 615, is only that one defendant may not appeal from the trial court's dismissal of the suit against a co-defendant and that, in the absence of an appeal by the plaintiff, the dismissal is final insofar as the suit in question is concerned; a procedural point *129 not necessarily relevant to the determination of the rights of the two defendants against one another in a subsequent and different suit between them.)
This does not end our inquiry, however. For, although ordinarily one solidarily liable for a debt may compel contribution from others solidarily liable, the present suit by the general employer's insurer to require contribution from the special employer must nevertheless be dismissed if, as between the special and the general employer, the latter alone is liable for the full amount.
Probably equally logical reasons exist for three different general resolutions of the liability inter se of the general and the special employer: (a) the general employer perhaps should pay the full amount, since the employee's contract of employment is with him alone; (b) perhaps instead the special employer should be ultimately responsible, since the risk was incurred and the injury sustained in his service; or (c) perhaps both general and special employers should be liable each for one-half, as in the case of other solidary obligors.
See, e. g., discussion in dissent in Holland v. Marquette Casualty Co., La.App. 1 Cir., 95 So.2d 878, 889; Malone, Louisiana Workmen's Compensation (1951), Section 57; cf., statutory regulation of liability inter sese of joint employers and of principal-independent contractor, LSA-R.S. 23:1031 and 1061 respectively. See also 1 Larson, Workmen's Compensation Law (1952), Section 48; Comment, "Liability of General and Special Employer", 26 Calif. L.Rev. 370 (1938).
As counsel for the plaintiff-appellant has so ably argued, extremely strong reasons can be presented in favor of the argument that the special employer is liable for all or at least half of the compensation payments made by a general employer to the borrowed employee when injured in the service of the special employer.
Perhaps, for instance, the special employer should bear the ultimate burden of the cost of industrial accidents, occasioned in the performance of duties in his business. Also, the special employer, under whose direction the employee is working at the time of the injury, has greater control of the working conditions and to some extent, may create or alleviate the hazards which give rise to the possibility of industrial injury.
Again, it may be argued that in the Humphreys case the Supreme Court indicated that the solidary liability of the general and the special employer to the injured employee contemplates also that ultimately each shall share one-half of the compensation burden. Cf., the court's statement that, "it is the good fortune of the regular employer that the special employer is likewise liable and able to respond, thus contributing in part to his liability for the entire compensation." 103 So.2d 907. (However, this statement is merely by way of dicta, since the Supreme Court did not there have before it the liability inter sese of the general and special employers.)
We note also that ordinarily, in the absence of other contractual or statutory regulation of the rights between them, solidary debtors as between themselves divide the debt equally. LSA-C.C. art. 2103; Comment, "Solidary Obligations", 25 Tul. L.Rev. 217 (1951), 233. A solidary codebtor who pays the debt can claim contribution from the other solidary codebtors of their shares, LSA-C.C. art. 2104, and, by his payment, he is also subrogated to the creditor's right to recover the debt thus paid, LSA-C.C. art. 2161. See Planiol, Civil Law Treatise (LSLI translation, 1959), Volume 2, Sections 767-769.
On the other hand, under LSA-Civil Code Article 2106, "If the affair for which the debt has been contracted in solido, concern only one of the co-obligors in solido, that one is liable for the whole debt towards the other co-debtors, who, with regard to him, are considered only as his securities."
Ultimately the compensation liability to the injured employee is based upon the employment *130 contract between the general employer and the employee; it was in the performance of the duties arising out of this general employment that the employee submitted himself, at his principal's request, to the direction and the control of the special employer, so as to become a "borrowed employee" of the latter.
Primarily an injured employee looks to his own general employer and its compensation insurer for the payment of disability benefits, since the employee entered into his employment contract only with the general employer. Also, ordinarily the regular employer is best in a position to anticipate the reasonably foreseeable hazards of his employees, upon the basis of which he can secure compensation insurance and include the cost thereof in the price of the goods or services that he furnishes to the public.
In the present instance, Brown, the general employer, was "engaged in the general welding business and had in its employ" the worker subsequently injured. (Article 5 of petition.) The loaned employee relationship resulted when an agent of Richey, the special employer, telephoned Brown and requested the services of a welder to perform any and all "work which they might find necessary to complete, and in response to the request" Brown sent to Richey the employee subsequently injured while welding under the direction of Richey's supervisor. (Article 9 of petition.)
The allegations of the petition thus disclose this to be a situation where the general employer is in the business of furnishing equipment and employees to others. Although indeed the services of the employee were being performed for and under the control of the special employer, these duties were essentially those which the employee had been hired to perform by the general employer. The special employment created no additional hazard beyond that normally arising out of the contract of employment between the general employer and the employee. The work being performed by the borrowed employee was essentially a component of the general employer's business.
As a matter of practical administration of the compensation liability inter se of the general and the special employer, ordinarily the price per hour for which the general employer hires his employee to the special employer includes the cost of obtaining compensation insurance coverage for an employee such as the present ordinarily engaged in hazardous duties. In fact, employers who are in the business of hiring out employees and equipment are very often furnishing such employees to be used under the direction and control of the borrowing employer; and no doubt a component of the price is always the cost of obtaining compensation insurance, while the contract by which the special employer hires from the general employer the latter's employees and equipment ordinarily contemplates that the payment for compensation insurance shall be made by the general employer.
The present general employer is admittedly engaged in a business within the coverage of the Louisiana compensation act, as a result of which compensation liability to injured employees is readily foreseeable. But this employer is in the business of hiring out his covered employees to the general public; and, although in the present instance the borrowing employer was also within the coverage of the statute, the general employer may as well have furnished his employees to a special employer engaged in a non-hazardous and non-covered business, such as a corner grocery or a jewelry store.
If the employee is injured while in the course of loaned employment, under the jurisprudence his own remedy cannot be limited against either the general or special employer for injury during the performance of hazardous duties. But, insofar as the ultimate liability between the two employers, the duties of an injured employee in instances such as the present essentially *131 are in the business of the general employer and only incidentally in the business of the special employer.
Nevertheless, if we accede to the argument of the able counsel for the plaintiff-appellant, the special employer in such circumstances will be required to reimburse the general employer for all or part of compensation payments made by the latter to the injured employee; even though, within the reasonable contemplation of the parties, the employee looked primarily to his regular employer for compensation liability, while from the point of view of the special employer the price he paid to the general employer should have included the cost of protection against ultimate compensation liability. From the point of view of the special employer, he thought he had rented a welder from the general employer to perform a minor job, rather than have acquired additionally the obligation to reimburse the general employer for amounts paid by it for injuries to its own employee injured, after all, while in the course and scope of the general employer's business, even though at the moment temporarily rented to the special employer.
We are not here concerned with an instance where the employee was injured by a hazard which concerns only the special employer's business, nor with a situation where the business in which the borrowed employee is injured is solely the concern of the borrowing employer and has little relation to the business of the general employer.[1] We see no need to comment upon the different questions which might then be presented.
To protect employees injured while performing hazardous work under the control of the special employer, the injured employee in such instances has the right to claim compensation from the special employer as well as the general employer. Nevertheless, the effectuating of the statutory compensation protection to the injured employee does not require that the ultimate burden, as between the general and the special employer, be invariably borne by the latter, when the compensation liability is essentially founded upon the employment contract between the general employer and the employee, only because of which and at the request of the general employer had the employee submitted himself to the direction and control of the special employer and thus have become a borrowed employee.
In summary, therefore, but fully recognizing the strong arguments to the contrary, we have come to the conclusion that, under the circumstances shown here, the compensation liability to the injured employee primarily concerns the general employer rather than the special employer so that, as between the two, the general employer is liable for the whole debt. The circumstances that we deem to be relevant to the result we have reached in the present case are: (1) the general employer is engaged in the business of hiring out his employees, and the borrowed employee was injured when loaned in the course of such business; (2) the general employer is engaged in a hazardous business within the meaning of the compensation act; and (3) the type of work which the borrowed employee is performing for the special employer at the time of the injury is generally the same type of work which the employee is engaged to perform for the general employer.
Thus, under the circumstances shown here, the general employer who pays a workmen's compensation liability for which the special employer is also solidarily liable with him, may not compel contribution from the special employer of any of the amounts he has thus paid in satisfaction of the solidary liability. The trial court therefore properly sustained the defendants' exceptions and dismissed this suit.
*132 For the foregoing reasons, the trial court's judgment dismissing the plaintiff's suit is affirmed at the cost of the plaintiff-appellant.
Affirmed.
NOTES
[1] Such as, it might be argued for instance, might result from injury during the uncompensated loaning of an employee by a general employer engaged in a nonhazardous business, to a special employer engaged in a hazardous enterprise.