CLYDE C. RUSSELL, Judge.
This matter is on appeal from a judgment of the Civil District Court for the Parish of Orleans sustaining an exception of no cause of action filed by defendant-appellee, JOSEPH BUTLER.
The facts as set forth in the original petition of plaintiff-appellant, UNITED STATES CASUALTY COMPANY, and admitted by appellee, JOSEPH BUTLER, for the purpose of determining the validity of said exception and the judgment sustaining same, disclose that BOH BROTHERS CONSTRUCTION COMPANY was the general contractor on a construction job and it had subcontracted certain trucking work to MRS. CECELIA L. MURPHY, appellant’s insured, who in turn had subcontracted her portion of the work to appellee, JOSEPH BUTLER.
ERSKINE CROCKETT, an employee of appellee, JOSEPH BUTLER, was injured in an accident on July 22, 1957, and filed suit in the Civil District Court for the Parish of Orleans against the general contractor, BOH BROTHERS CONSTRUCTION COMPANY. In this suit counsel originally prayed for damages in tort but subsequently amended his suit to include a claim for workmen’s compensation benefits in the alternative.
Judgment was rendered against BOH BROTHERS CONSTRUCTION COMPANY awarding permanent total disability to the said CROCKETT, which judgment was appealed on July 3, 1958.
Subsequently on July 14, 1958, BOH BROTHERS CONSTRUCTION COMPANY filed a suit against UNITED STATES CASUALTY COMPANY, appellant, MRS. CECELIA L. MURPHY *138 (the insured of appellant), and JOSEPH BUTLER, appellee, asking indemnification for any amount which they may be cast in judgment.
While both suits were pending, UNITED STATES CASUALTY COMPANY, MRS. CECELIA L. MURPHY and BOH BROTHERS CONSTRUCTION COMPANY entered into a compromise with ERSKINE CROCKETT, wherein the suit against BOH BROTHERS CONSTRUCTION COMPANY and the suit against MRS. CECELIA L. MURPHY and UNITED STATES CASUALTY COMPANY were dismissed, reserving all rights to all parties to proceed against defendant, JOSEPH BUTLER, under their respective rights of indemnification.
Under this reservation of rights, the UNITED STATES CASUALTY COMPANY, as the insurer of MRS. CECELIA L. MURPHY, instituted the present suit against JOSEPH BUTLER as a sub-contractor of MRS. CECELIA L. MURPHY claiming indemnification under the EMPLOYERS’ LIABILITY ACT, and particularly LSA-R.S. 23:1061.
This petition was met with an exception of no right and no cause of action, the exception of no cause of action being maintained by the lower Court in a judgment rendered on November 15, 1961.
From this adverse judgment, UNITED STATES CASUALTY COMPANY perfected a devolutive appeal to this Court.
The applicable Sections of the Workmen’s Compensation Law are quoted in full as follows:
LSA-R.S. 23:1061—
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”
LSA-R.S. 23:1063—
“A principal contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall he entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor.”
LSA-R.S. 23:1271—
“Right of parties to settle or compromise
“Whenever a bona fide dispute exists between the employee or his dependents on the one hand, and the employer or his insurer on the other, as to liability or coverage under this Chapter, whether the injuries complained of are compensable, the exist *139 ence, nature, extent or duration of the injury or disability involved, the amount of compensation due the injured employee, or his dependents, or any other matter or thing affecting the right of the claimant to recover compensation hereunder, the interested parties shall have the right to compromise and settle such bona fide dispute, including the manner in which compensation is to be paid, by agreement to be approved by the court having jurisdiction.”
The appellant contends that he is entitled to reimbursement under LSA-Rev.Stat. 23:1061, supra.
The appellee avers that plaintiff has not stated a right or cause of action since he does not come within the purview of LSA-Rev.Stat. 23:1061 and has not followed the procedure of LSA-Rev.Stat. 23:1063, supra.
In this case JOSEPH BUTLER was, if he had been called in indemnity, the party primarily liable. But the judgment was not against him. The judgment was rendered against BOH BROTHERS CONSTRUCTION COMPANY who, with UNITED STATES CASUALTY COMPANY and MRS. CECELIA L. MURPHY, entered into a compromise with ERSKINE CROCKETT. No notice of compromise was given to Butler. At the time of this compromise if Joseph Butler was to be held liable in the end he must be entitled to converse with those who propose a compromise.
It is the opinion of the Court that the compromise made by the plaintiff can in no wise have a binding effect on the defendant who was neither a party thereto nor notified of the proceedings.
LSA-Civil Code, Art. 3077:
TRANSACTIONS OF COMPROMISE:
“A transaction made by one of the interested parties is not binding for the others, and can not be opposed by them.”
It is the further opinion of the Court that the provisions of LSA-R.S. 23:1061 intend that a contractor can only seek indemnification from his sub-contractor when he has paid compensation actually due or judicially determined to be due after contradictory proceedings. The principal may not seek indemnification from his subcontractor for amounts paid by way of compromise unless the sub-contractor has been made a party to such compromise proceeding or has otherwise voluntarily acquiesced therein.
It is the opinion of this Court that the reservation of rights in the compromise settlement were of no effect.
The case of Richards v. Consolidated Underwriters, La.App., 90 So.2d 577, does not present a situation comparable to this suit. There the Court found that the person called in indemnity was a proper person in view of his relationship as an independent contractor and not a mere employee and thus should have been retained in the suit, for purpose of indemnity.
For the reasons assigned it is the opinion of this Court that the judgment sustaining the exception of no right or cause of action was proper.
Judgment is affirmed at cost of the Plaintiff-Appellant.
Affirmed.