BAILES, Judge.
This is a suit by Maryland Casualty Company against Liberty Mutual Insurance Company to recover $8,124.35, or alternatively, one-half of that amount. Maryland Casualty Company was the compensation insurer of Baton Rouge Fabricators, Inc., a corporation engaged in the business of renting certain heavy equipment, with operators, to persons in need of such service. Working for Baton Rouge Fabricators, Inc., as operator of a crane was Earl S. Landry. Baton Rouge Fabricators, Inc., rented a crane and operator (Earl S. Landry) to Joy Manufacturing Company. On February 16, 1962, while performing services arising out of his employment as a crane operator on the Joy Manufacturing Company job, Earl S. Landry was injured.
As a result of this injury and his claim for workmen’s compensation arising therefrom, plaintiff herein paid to Earl S. Landry in weekly workmen’s compensation payments in lump sum compromise settlement and in medical payments the total sum of $8,124.35.
Plaintiff alleges for a cause of action that as the workman, Earl S. Landry, was "loaned” by Baton Rouge Fabricators, Inc., to Joy Manufacturing Company, the latter’s insurer Liberty Mutual Insurance Company, is responsible to plaintiff and should reimburse it in full for all amounts paid to Earl S. Landry in settlement of his workmen’s compensation claim. Alternatively, plaintiff alleges it is entitled to receive contribution from defendant for one-half of this amount.
Defendant filed a peremptory exception to plaintiff’s petition wherein all pertinent facts herein set forth were alleged. Additionally, defendant in its exception, alleged :
“5.
“Under identical circumstances, the Court, in the case of Casualty Reciprocal Exchange v. Richey Drilling & Well Service, 137 So.2d 127 (La.App.3rd 1962) held that as between the general and the special employer, the special employer was not legally liable for compensation benefits paid by the general employer to an individual who was injured in the course and scope of the special employment. * * * ”
The trial court sustained the defendants’ peremptory exception, rendered judgment *206 in its favor and dismissed the plaintiff’s suit. From this judgment plaintiff appeals.
This case presents for our determination solely a question of law. The question presented is whether under the facts alleged, a general employer who rents out both equipment and operator is solely responsible to the injured operator for workmen’s compensation benefits; or is the special employer the lessee of the equipment and operator, solely responsible therefor; or are the general employer and the special employer liable in solido.
Succinctly stated the appellant’s position and argument is that as there is solidary liability of the general employer and the special employer to the injured employee, it is contemplated in law that they each will share one-half of the compensation burden, citing Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895.
Appellee argues that the case of Casualty Reciprocal Exchange v. Richey Drilling and Well Service, supra, the facts of which are identical to the instant case, is the law of Louisiana and that this court is bound by the rationale and decision of that case. Ap-pellee does agree, however, as the court did in the Casualty Reciprocal Exchange case, that “extremely strong reasons can be presented in favor of the argument that the special employer is liable for all or at least half of the compensation payments made by a general employer to the borrowed employee when injured in the service of the special employer.” See 137 So.2d 127, 129.
Our Supreme Court, in Humphreys v. Marquette Casualty Co. (1958) 235 La. 355, 103 So.2d 895 held that the general employer and the special employee were solidary obligors each responsible to the injured claimant-employee for the full amount of compensation owed. Therefore in the instant case the general employer Baton Rouge Fabricators, Inc., is a solidary obligor with the special employer, Joy Manufacturing Company, for the total amount of compensation benefits due Landry. •"
It also follows, under the ruling of the court in Kern v. Southport Mill (1932) 174 La. 432, 141 So. 19, defining an accident arising out of and in course of employment that Landry, the borrowed employee, was injured just as much so from an accident which occurred in the course of and arising out of his employment by the special employer as it did under and by reason of his employment by the general employer.
In Casualty Reciprocal Exchange v. Richey Drilling and Well Service, supra, we understand the court held on the basis of contract the general employer alone is responsible for the payment of workmen’s compensation benefits, and as he alone made the payment of the obligation due the injured employee, the general employer has no cause of action to recover any amount from the special employer. Therein the court said: “Ultimately the compensation liability to the injured employee is based upon the employment contract between the general employer and the employee * We further understand from what the court therein said, it found, under LSA-C.C. Article 2106, which provides: “If the affair for which the debt has been contracted in solido, concern only one of the coobligors in solido, that one is liable for the whole debt towards the other codebtors, who, with regard to him, are considered only co-debtors, who, with regard to him are considered only as his securities.” that the special employer is relieved from any contribution or repayment of compensation benefits paid by the general employer.
We find LSA-C.C. Article 2106 is not applicable for the reason the general employer and special employer are made obligors in solido to the injured employee by operation of law. Under the express provisions of LSA-C.C. Article 2104— “If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each. * * the. obligation is solidary.
In Humphreys v. Marquette Casualty Co., supra, the Supreme Court specifically held *207 that the general employer and special employer are solidary obligors as a matter of law. This being so, under express provisions of LSA-C.C. 2104, the plaintiff is entitled to recover one-half of the total amount paid to the injured employee.
Accordingly, the judgment of the trial court is reversed and there is judgment herein in favor of Maryland Casualty Company, plaintiff-appellant, and against Liberty Mutual Insurance Company, defendant-appellee, in the full sum of $4,062.-18, together with legal interest thereon from date of judicial demand until paid. Defendant-appellee to pay all costs hereof.
Reversed and rendered.