ELLIS, Judge.
This is a contest between a general and special workmen’s compensation insurer, to see who should ultimately pay the claim of an injured employee. This case was previously before us on an exception, at which time we decided the main point and remanded it for trial on the merits. See Maryland Casualty Company v. Liberty Mutual Insurance Company, 194 So.2d 204 (La.App. 1 Cir. 1967). In that decision, we held that the two insurers should share the loss equally.
On the trial, the district judge, pursuant to the instructions contained in the above opinion, rendered judgment in favor of plaintiff and against defendant for $4,-062.18, one half of the amounts expended by plaintiff in weekly compensation payments, medical expenses and a lump sum compromise settlement. From that judgment,'defendant appealed.
The first specification of error relates to the point already decided by us in our prior opinion, to which reference is made for a full discussion of the matter.
Defendant also claims that plaintiff can not demand indemnification for that part of the amount which was paid out in the compromise settlement, citing the case of Winford v. Bulloch, 210 La. 301, 26 So.2d 822 (1946). That case held that an employer who compromised a judgment against him rather than appeal it could not demand indemnification from his negligent employee who was not consulted about the settlement.
In this case, however, the compromise was Court approved, and was reflected in a judgment, signed by a judge, who, under *73 the provisions of the Workmen’s Compensation Act, is required to discuss the settlement with the parties thereto, and not to approve it unless he finds it to be fair and equitable. R.S. 23:1271 et seq. In addition, we find that the record amply supports the reasonableness of the settlement, and that plaintiff has satisfied the burden of proof imposed on him by United States Casualty Co. v. Butler, 151 So.2d 136 (La.App. 4 Cir. 1963).
The judgment appealed from is affirmed at defendant’s cost.
Affirmed.