TATE, Judge.
The central issue in this suit concerns the ultimate allocation of liability between the general and the special employer for compensation benefits paid to a “borrowed employee”. Here, the general employer appeals from the trial court’s determination that he must reimburse the special employer’s compensation insurer (Maryland) for one-half the amounts paid to or for a disabled employee, Placide Meche.
The two employers are Ralph and Henry Cowan, brothers. Both brothers con *531 duct major rice operations with mechanized equipment.
Ralph was the employer of Placide Meche. Meche was injured while cutting rice for Henry on Henry’s place and under Henry’s direction. Ralph had directed several of his employees to go over and assist his brother Henry in the operations.
As a usual practice, the brothers loaned employees and equipment to one • another during rice cutting and rice combining operations at harvest time. The loaned men were paid their usual wages by their own employer, but the borrowing brother would then reimburse the lending employer the exact cost of the wages paid to the borrowed employees for doing the work.
The evidence further indicates that this is the general custom in the rice farming community, i. e., to lend employees or equipment at cost to a neighbor in. need of them. The furnishing of employees is not done for profit, nor as a general service to the public, but only by way of mutual cooperation between friendly rice farmers of a neighborhood.
Both the general and the special employer are liable in solido for compensation benefits due a borrowed employee for injury while working for the special employer. Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895. However, as we noted in Casualty Reciprocal Exchange v. Richey Drilling & Well Service, La.App. 3d Cir., 137 So.2d 127, the solidary liability of both employers to the employee does not necessarily entitle either employer as a matter of law to contribution from the other of one-half the amount paid.
In Casualty Recriprocal Exchange, we held that the general employer was not entitled to any contribution from the special employer under the particular facts of that case. We pointed out that the general employer there was a vocational lender, i. e., was in the business of renting out employees and equipment for a profit. We found applicable the provision that one co-debtor in solido is liable for the whole debt, with regard to the other debtor, where the debt primarily concerns the first one. Civil Code Article 2106.
Our brothers of the First Circuit disagree with the result we reached in Casualty Reciprocal Exchange. They held that both employers, being solidarily liable, are subject to contribution from the other, because of the general principle (Civil Code Article 2103) that solidary debtors must divide the debt as between themselves. Maryland Casualty Co. v. Liberty Mutual Ins. Co., La.App., 194 So.2d 204 (on exception), 213 So.2d 72 (on merits), 252 La. 943, 215 So.2d 123 (writ granted).
On the other hand, a leading scholar suggests that the general employer should always be held liable for the entire amount paid, as between the two employers. Malone, Louisiana Workmen’s Compensation, Section 57 (1951; esp. 1964 pocket part). See also Note, 23 La.L.Rev. 613 (1963).
With regard to the issue before us, the trial court held that, as between themselves, both employers must share responsibility for one-half of the compensation benefits for which they are solidarily liable.
In urging reversal, the general employer Ralph, contends: (a) that Meche’s injury primarily concerned Henry, for whom Meche was working at the time and who reimbursed Ralph for wages paid to Meche, so therefore Henry should, between the solidary obligors, be entirely responsible for the loss, Civil Code Article 2106; (b) that the expectations of the brothers were that only the brother for whom the employee, regular or borrowed, was working at the time of the injury would, as between the brothers, be entirely responsible for compensation benefits. Henry, the special employer, further pointed out that his compensation rates were calculated on the gross amount of wages paid, which (he indicated) included not only those paid to his regular workers but also those pay- *532 merits made for Ralph for wages paid borrowed employees.
We are unable to hold these strong arguments sufficient reason not to apply the usual rule that a codebtor paying the whole debt is entitled to contribution from those solidarily bound with him. Civil Code Article 2104. Nor are we able to say that the injury was so peculiarly the risk of the special employer, so that the latter should be liable for the whole debt inter sese the solidary debtors, as being one that concerned him only. Civil Code Article 2106. The circumstances indicate that these employee-borrowing operations were a usual and recurrent practice in the normal course of rice farming operations. The reciprocal lending was of mutual benefit, rather than one peculiarly for the benefit of the borrowing employer.
We therefore affirm the trial court holding that, under the present facts and in the absence of contract or specific agreement otherwise, both the general and the special employer are liable, inter sese, for one-half of compensation benefits paid.
We do not mean by this holding to indicate that a special employer is always entitled to contribution. In our opinion, although we expressly do not rule upon this issue, a special employer might not recover back for compensation payments to a borrowed employee where the arrangement with the general employer is one for the sole benefit of the special employer.
Nor do we at this time (since the question is not before us [1]) pass upon the contention that, ultimately, the general employer should be responsible, as between him and the special employer, for the entire amount of compensation benefits paid to an employee who, after all, is injured while working in an economic relationship confected with the general employer alone.
For the foregoing reasons, the trial court judgment is affirmed, at the cost of the defendant-appellant.
Affirmed'. •
On Application for Rehearing.
En Banc. Rehearing denied.

. The trial court rejected the plaintiff insurer’s full demand for reimbursement by the general employer of all sums paid to or for the injured employee. This contention is not before us, since the judgment insofar as dismissing the full demand was not questioned by appeal nor by answer to the appeal.