898 So.2d 408 (2005)
CRESCENT CITY CONSTRUCTION, INC. and Louisiana Home Builders Association-SIF
v.
Jimmy CAMPER d/b/a Camper Construction
No. 2003 CA 1727.
Court of Appeal of Louisiana, First Circuit.
December 30, 2004.
*410 Chris Broadwater, J. Alan Jordan, Forrester, Jordan & Dick, L.L.C., Baton Rouge, for Plaintiff-Appellee Louisiana Home Builders Association-SIF.
John "Ross" Smith, Stampley and Smith, New Orleans, for Defendant-Appellant Jimmy Camper d/b/a Camper Construction.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
A subcontractor appeals from a judgment by the Louisiana Office of Workers' Compensation Administration (OWC), confirming a default judgment against it in favor of a principal contractor, awarding indemnification for workers' compensation benefits paid to the subcontractor's direct employee, who was injured in a work-related accident while performing work for the subcontractor pursuant to its contract with the principal contractor. The judgment also awarded attorney fees in favor of the principal contractor, seemingly in connection with the subcontractor's failure to appear at a mediation conference. For the following reasons, the judgment is reversed and set aside, and the case is remanded.

Factual Background and Procedural History
On February 26, 2003, Crescent City Construction, Inc. (Crescent) and Louisiana Home Builders Association-SIF (LHBA) filed a claim against Jimmy Camper d/b/a Camper Construction (Camper) for indemnification of workers' compensation benefits paid to Frederick Jones. In their petition, Crescent and LHBA alleged the following: On April 18, 2002, Frederick Jones, an employee of Camper, was seriously injured in a work-related accident when he fell approximately 20 feet from a ladder onto a cement slab. When this accident occurred, Camper was engaged as a subcontractor for Crescent. Camper had allowed its workers' compensation insurance coverage to lapse prior to the accident in question, requiring Crescent as the principal contractor to pay workers' compensation benefits to Mr. Jones. Pursuant to Crescent's workers' compensation insurance policy, LHBA has paid workers' compensation benefits to or on behalf of Mr. Jones. Based on these allegations, Crescent and LHBA sought indemnification from Camper for such payments.
*411 A mediation conference was scheduled for April 11, 2003. The mediation case report discloses that the mediation conference was not held because of the non-appearance of Camper. On May 12, 2003, Crescent and LHBA filed a "Motion for Award of Penalties and Attorney Fees" on account of Camper's non-appearance. This motion was set for hearing on May 23, 2003. On May 12, 2003, LHBA also requested in writing that a preliminary default be entered against Camper.[1] The hearing on the confirmation of the preliminary default was likewise scheduled for May 23, 2003. After being continued, the hearing on these matters was held on June 6, 2003.
In support of its claim for indemnification, LHBA introduced the affidavit of Carol Rademacher (the claims representative for the third-party administrator for LHBA), detailed lists of medical and indemnity benefits paid by LHBA on Crescent's behalf, a copy of the notice of receipt of service of the disputed claim, and a copy of the request for a preliminary default judgment. Following the introduction of these items into evidence at the confirmation hearing, a judgment was signed in favor of LHBA and against Camper for $51,391.26, plus $1,000 in attorney fees. Camper appealed, contending in essence that the workers' compensation judge (WCJ) erred in enlarging the pleadings by rendering a judgment for amounts to be awarded for indemnification and attorney fees in excess of the amounts requested in the prayer and in finding that the plaintiff had established a prima facie case.

Attorney Fees
Upon receipt of the disputed claim form, the director of the OWC shall assign the matter to a district and shall set the matter for a mediation conference within fifteen days of receipt of the form specifying the proper parties. The mediation conference shall be before a workers' compensation mediator who shall mediate and encourage settlement of the case or determine issues in dispute. Within five days following the conference, the workers' compensation mediator shall issue a report stating the results of the conference which shall be mailed to the parties and the director. LSA-R.S. 23:1310.3(B)(1).[2] If any party fails to appear at a mediation conference after proper notice, the WCJ, upon report from the workers' compensation mediator, may fine the delinquent party an amount not to exceed five hundred dollars, which shall be payable to the OWC Administrative Fund. In addition, the WCJ may assess against the party failing to attend costs and reasonable attorney fees incurred by any other party in connection with the conference. LSA-R.S. 23:1310.3(B)(2). The penalties provided for in LSA-R.S. 23:1310.3(B)(2) shall be assessed by the WCJ only after a contradictory hearing, which shall be held prior to the hearing on the merits of the dispute. LSA-R.S. 23:1310.3(B)(2).
LHBA and Crescent's disputed claim form was received by the OWC on February 26, 2003. The matter was set for a *412 mediation conference on April 11, 2003. Following the conference, the workers' compensation mediator issued a report stating that the mediation conference was not held due to Camper's failure to appear after due notice of the conference. The report further declared that "[t]his case may be submitted for a hearing on the assessment of penalties pursuant to the Hearing Rules and La. R.S. 23:1310.3[B](2)." Nothing in the record shows that the report of the conference was mailed to Camper as required by LSA-R.S. 23:1310.3(B)(1). Furthermore, proof of proper notice of the conference is required before reasonable attorney fees may be assessed against a party for failing to appear at a mediation conference. See LSA-R.S. 23:1310.3(B)(2). The record is devoid of competent evidence that Camper received such notice.[3] Absent such proof, the WCJ erred in making an award of attorney fees in favor of LHBA under LSA-R.S. 23:1310.3(B)(2). Moreover, the record is devoid of competent evidence that Camper received notice of the contradictory hearing. Furthermore, there has been no showing that a contradictory hearing was held on this matter prior to the hearing on the confirmation of the default judgment as to the merits of the dispute between LHBA and Camper as required by LSA-R.S. 23:1310.3(B)(2).[4]
Attorney fees are recoverable only when authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 763 (La.1985). Here, LHBA's right to recover attorney fees was governed by LSA-R.S. 23:1310.3(B)(2). Since the requirements of this statute were not shown to have been satisfied, the WCJ legally erred in awarding attorney fees in favor of LHBA.

Confirmation of Default Judgment
In workers' compensation cases, if a defendant in the principal demand fails to answer within the time prescribed by law or the time extended by the WCJ, and upon proof of proper service having been made, judgment by default may be entered against him. The judgment shall be obtained by written motion. LSA-R.S. 23:1316. In this case, an uncertified copy of the "notice of receipt of service green card" discloses that service of LHBA and Crescent's disputed claim was made on Camper on April 22, 2003, thus triggering the running of the 15-day period for filing an answer to the disputed claim. The record shows that on May 9, 2003, LHBA's request for a preliminary default was made in writing based on the fact that no answer had been filed by Camper; this request was received by the OWC on May 12, 2003. Thus, the requirements of LSA-R.S. 23:1316 were seemingly satisfied.
A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish *413 a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. LSA-R.S. 23:1316.1(A). A prima facie case is established when the plaintiff proves the essential allegations of its petition, with competent evidence, to the same extent as if the allegations had been specifically denied. Nickens v. Patriot Home Systems, 97-0291 (La.App. 1st Cir.6/29/98), 713 So.2d 1179, 1181; see also LSA-R.S. 23:1316.1(B). In other words, the plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail in a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Bordelon v. Sayer, 01-0717 (La.App. 3rd Cir.3/13/02), 811 So.2d 1232, 1235, writ denied, 02-1009 (La.6/21/02), 819 So.2d 340.
Confirmation of the default judgment is similar to a trial at which the defendant is absent. Frank L. Maraist & Harry T. Lemmon, Civil Procedure § 12.3, at 326, in 1 Louisiana Civil Law Treatise (1999). Generally, in civil proceedings, the plaintiff must present admissible evidence which establishes a prima facie case. LSA-C.C.P. art. 1702(A). At the hearing on the confirmation of default, the rules of evidence generally apply. Maraist & Lemmon, Civil Procedure § 12.3, at 327. Hearsay evidence does not sustain the burden of proving the prima facie case necessary for confirmation of default in such proceedings. McRay v. Booker T. Washington Nursing Home, 30,399 (La.App. 2nd Cir.4/8/98), 711 So.2d 772, 775, quoting Carroll v. Coleman, 27,861 (La.App. 2nd Cir.1/24/96), 666 So.2d 1264, 1266. Louisiana Code of Evidence article 801(C) defines hearsay as a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. Hearsay is regarded as unreliable because it is based on statements made by persons who are not before the court, have not been sworn, and are not available for cross examination. Dufour v. Mayeux, 95-678 (La.App. 3rd Cir.11/2/95), 664 So.2d 577, 582, writ denied, 95-2880 (La.2/2/96), 666 So.2d 1101.
Nonetheless, under the more relaxed evidentiary standards in LSA-R.S. 23:1317, the WCJ has the discretion to admit hearsay evidence in workers' compensation proceedings. Such evidence can qualify as "competent evidence," provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. The reviewing court must evaluate the competency of the evidence under the manifest error standard.[5]Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 382.
In support of its claim for indemnification, LHBA introduced the affidavit of Ms. Rademacher  the claims representative for the third-party administrator for *414 LHBA. An affidavit is hearsay. See LSA-C.E. art. 801(C). Nonetheless, in connection with the confirmation of a default judgment, LSA-R.S. 23:1316.1(C)[6] allows for the introduction of non-medical evidence by sworn affidavit in establishing a prima facie case.[7] In her affidavit, Ms. Rademacher averred as follows: Crescent had in effect a workers' compensation insurance coverage agreement with LHBA. Camper was hired as a subcontractor by Crescent to do the work that was being performed by Mr. Jones when the accident occurred. Camper and Crescent agreed that Camper would provide workers' compensation insurance for Camper's employees. Mr. Jones was an employee of Camper and was at no time a direct employee of Crescent. On April 18, 2002, Mr. Jones was injured in the course and scope of his employment with Camper. Camper had allowed its workers' compensation insurance coverage to lapse and had no workers' compensation insurance coverage in effect on April 18, 2002. As Crescent's insurer, LHBA commenced payment of workers' compensation benefits to Mr. Jones. Mr. Jones has received the following benefits from LHBA: $12,026.94 in indemnity benefits and $39,364.32 in medical benefits.
Notably, this is not a typical claim by an injured employee seeking to recover workers' compensation benefits from his employer on account of a work-related accident. Instead, this action was instituted in conformity with the provisions of LSA-R.S. 23:1061 through 1063. Louisiana Revised Statute 23:1061 permits the injured workman, employed by a subcontractor, to collect compensation from the prime contractor or principal when he is injured performing a service which is a part of the trade, business, or occupation of the prime contractor or principal. Where the principal is liable to pay compensation under Section 1061, he shall be entitled to indemnity from any person who independently of Section 1061 would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor. LSA-R.S. 23:1061(B). The insurer of the principal contractor is the insurer of the subcontractor, not for his benefit but for the benefit of the subcontractor's employees and when it is required to pay compensation to the subcontractor's employees under its policy of insurance covering the principal contractor, it automatically steps into the shoes of the principal contractor who has a right of action against said subcontractor. The insurer of the principal contractor is only secondarily liable and is entitled to a judgment against those who are primarily liable for any amount it is required to pay because of the failure of the primary obligor.[8]Taylor v. Willett, 14 So.2d 298, 300 (La.App. 2nd Cir.1943). *415 Louisiana Revised Statute 23:1061 affords the paying principal a statutory right to recover indemnification from the subcontractor. U.S. Casualty Company v. Butler, 151 So.2d 136, 140 (La.App. 4th Cir.1962) (on rehearing), writ denied, 244 La. 402, 152 So.2d 214 (1963).
A full or exhaustive judicial determination of liability on the principal contractor's part is not a necessary prerequisite to an action by him for indemnification from the subcontractor. U.S. Casualty Company v. Butler, 151 So.2d at 142. Nonetheless, relative to confirmation of default judgments in the area of workers' compensation, LSA-R.S. 23:1316.1(B) dictates that a prima facie case shall include but not be limited to proof of the following:
(1) The employee's average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
LSA-R.S. 23:1316.1(B).
Without rendering an opinion on the admissibility of the other pertinent documents that were offered into evidence in confirming the judgment of default, we observe that the detailed list of indemnity benefits discloses that LHBA paid indemnity benefits to Mr. Jones in the amount of $293.34 per week from April 26, 2002, through January 31, 2003, without mention of Mr. Jones' average weekly wage. The detailed list of medical benefits simply identified the health care provider payee, the date paid, and the payment amount. This document gives us no insight as to the nature, extent, severity, or duration of Mr. Jones' injuries. Furthermore, the record is devoid of any medical evidence. Although Ms. Rademacher averred in her affidavit that Mr. Jones was injured on April 18, 2002, in a work-related accident during the course and scope of his employment with Camper while performing work pursuant to Camper's construction contract with Crescent, no further evidence was offered to establish the facts surrounding the accident or the nature of Mr. Jones' claim against Camper or Crescent for workers' compensation benefits.
Crescent's disputed claim form reveals that Mr. Jones climbed a ladder to work on top of a two-story building and that he fell approximately 20 feet onto a cement slab, resulting in a fractured skull with loss of consciousness, multiple fractured ribs, a punctured lung, and a fractured pelvis. Absent these allegations, nothing would be known about the facts surrounding Mr. Jones' accident or his injuries. Needless to say, these allegations certainly do not constitute evidence of the matter asserted. See Nickens v. Patriot Home Systems, 713 So.2d at 1181.
In the absence of competent evidence as to Mr. Jones' entitlement to workers' compensation benefits, we are not convinced that LHBA has proven an essential element of its claim, i.e., that it or Camper was liable to pay compensation to Mr. Jones and the nature of any such liability, with competent evidence, as though each allegation had been denied. The WCJ's decision to the contrary is manifestly erroneous.

Decree
For the foregoing reasons, we conclude that the WCJ improperly confirmed the default judgment and legally erred in awarding attorney fees. Accordingly, the judgment confirming the default judgment and awarding indemnification and attorney *416 fees in favor of Louisiana Home Builders Association-SIF against Jimmy Camper d/b/a Camper Construction is reversed and set aside. The case is remanded to the Louisiana Office of Workers' Compensation Administration for further proceedings in accordance with law. Costs of appeal are assessed to Louisiana Home Builders Association-SIF.
REVERSED, SET ASIDE, AND REMANDED.
CARTER, J., dissents and would affirm the decision of the Workers' Compensation Judge.
NOTES
[1] The preliminary default and the subsequent confirmation were by LHBA only. Crescent had an ongoing relationship with Camper and did not wish to be involved with the indemnification claim.
[2] LSA-R.S. 23:1310.3(B) and (C) were substantively amended by 2004 La. Acts, No. 341, § 1, effective June 18, 2004. Although inapplicable in the instance case because the amendment became effective after the date of the accident and the filing of Crescent's claim, we observe that the referenced language in this opinion from these provisions was not affected by the amendment.
[3] The only evidence in the record as to notice related to the "notice of receipt of service green card," which discloses delivery and receipt of the disputed claim form by Camper on April 22, 2003, which was after the date of the scheduled mediation conference. Cf. LSA-R.S. 23:1310.3(C).
[4] The contradictory hearing on the issue of penalties and attorney fees was scheduled for the same date as the confirmation hearing. Although counsel for LHBA requested that the hearing on the penalties and attorney fees occur prior to the confirmation, the WCJ requested that LHBA proceed first with the confirmation hearing. Furthermore, at the close of the confirmation hearing, LHBA failed to offer any evidence to prove its claim for penalties and attorney fees. This observation is made without rendering an opinion as to the effectiveness that the introduction of evidence on the issue of penalties and attorney fees after the hearing on the merits would have had under the facts of this case.
[5] In reviewing the confirmation of a default judgment, an appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Weaver v. Weaver, 438 So.2d 1149, 1150 (La.App. 1st Cir.1983). The trial court's conclusion concerning the sufficiency of the evidence presents a factual issue which the manifest error rule governs. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 98-99; Bordelon v. Sayer, 811 So.2d at 1235. The manifest error standard of review obligates an appellate court to give great deference to the trial court's findings of fact. We will not reverse factual determinations, absent a finding of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
[6] Notably, the substantive amendment to LSA-R.S. 23:1316.1(C) by 2004 La. Acts, No. 341, § 1, effective June 18, 2004, did not affect the referenced language.
[7] Medical evidence shall include oral testimony or a sworn narrative report from all treating and all examining health care providers. LSA-R.S. 23:1316.1(C). Although inapplicable in the instant case, we note that LSA-R.S. 23:1316.1(C) was amended by 2004 La. Acts, No. 341, § 1, effective June 18, 2004, to substitute "or certified medical records" for ", or a sworn narrative report."
[8] A principal contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall be entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor. LSA-R.S. 23:1063(A).